EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

LORETTA SHEEHAN
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  loretta.sheehan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 1 0 2003

at 2 o'clock and 20 min P M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    vs.<br><br>BETTY YI HERNANDEZ,<br>a.k.a. "Suki,"<br><br>              Defendant. | CR. NO. CR 03-00579 HG<br><br>INDICTMENT<br><br>[21 U.S.C. §§ 856(a)(2),<br> 853; 18 U.S.C. §§ 1956,<br> 982] |

INDICTMENT

COUNT 1

The Grand Jury charges that:

From a date unknown, but by at least October 12, 1999 to and including June 15, 2003, the defendant, BETTY YI HERNANDEZ, a.k.a. "Suki," managed and controlled any building, room, and enclosure, either as an owner, leasee, agent, employee, and mortgagee, and knowingly and intentionally rented, leased,



SEALED
BY ORDER OF THE COURT

and made available for use, with or without compensation, the building, room, and enclosure for the purpose of unlawfully manufacturing, storing, distributing, and using controlled substances.

All in violation of Title 21, United States Code, Sections 856(a)(2) and 856(b).

## COUNT 2

The Grand Jury further charges:

A.  As a result of committing the offense alleged in Count 1 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds which Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to the following:

> ALL INVENTORY AND EQUIPMENT LOCATED AT SWING VIDEO, 1340 KAPIOLANI BLVD., STE. 2, HONOLULU, HAWAII.

B.  If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

   1. cannot be located upon the exercise of due diligence;
   2. has been transferred or sold to, or deposited with, a third person;
   3. has been placed beyond the jurisdiction of the court;

2

      4.     has been substantially diminished in value; or

      5.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

     All in violation of Title 21, United States Code, Sections 853 and 856(a)(2).

<u>COUNTS 3-48</u>

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, defendant withdrew funds from her "Swing Video" checking account, number 47-01975, at First Hawaiian Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), by way of checks drawn on the account payable to Sofos Realty and/or Riald Investment which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the defendant knew that the property

involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to promote the carrying on of the aforesaid specified unlawful activity, with each transaction representing a separate count of this indictment:

| Count | Check No. | Date of Check | Amount of Check | Payee |
|---|---|---|---|---|
| 3 | 575 | 11/2/99 | $7,041.62 | Sofos Realty |
| 4 | 589 | 12/2/99 | $7,041.62 | Sofos |
| 5 | 599 | 12/26/99 | $7,041.62 | Sofos Realty |
| 6 | 613 | 1/29/00 | $7,041.62 | Sofos Realty |
| 7 | 623 | 2/25/00 | $7,041.62 | Sofos Realty |
| 8 | 639 | 3/27/00 | $7,041.62 | Sofos |
| 9 | 651 | 4/27/00 | $11,328.25 | Sofos Realty |
| 10 | 664 | 5/25/00 | $7,174.93 | Sofos |
| 11 | 674 | 6/25/00 | $7,174.93 | Sofos Realty |
| 12 | 688 | 7/26/00 | $7,174.93 | Sofos Realty |
| 13 | 707 | 8/27/00 | $7,174.93 | Sofos Realty |
| 14 | 722 | 9/27/00 | $7,174.93 | Sofos Realty |
| 15 | 757 | 10/22/00 | $7,174.93 | Sofos Realty |
| 16 | 772 | 11/27/00 | $7,174.93 | Sofos Realty |
| 17 | 791 | 12/27/00 | $7,174.93 | Sofos Realty |
| 18 | 746 | 1/23/01 | $7,174.93 | Sofos Realty |
| 19 | 818 | 2/26/01 | $7,408.62 | Sofos Realty |
| 20 | 835 | 3/23/01 | $7,361.16 | Sofos Realty |
| 21 | 704 | 4/21/01 | $7,361.16 | Sofos Realty |
| 22 | 723 | 5/23/01 | $7,361.16 | Sofos Realty |
| 23 | 737 | 6/23/01 | $7,361.16 | Sofos |
| 24 | 751 | 7/21/01 | $7,361.16 | Sofos |
| 25 | 766 | 8/25/01 | $7,361.16 | Sofos Realty |
| 26 | 780 | 9/21/01 | $7,361.16 | Sofos Realty |
| 27 | 796 | 10/18/01 | $7,361.16 | Sofos Realty |
| 28 | 810 | 11/21/01 | $7,361.16 | Sofos |
| 29 | 821 | 12/21/01 | $7,361.16 | Sofos |
| 30 | 845 | 1/28/02 | $7,361.16 | Sofos Property |
| 31 | 856 | 2/26/02 | $8,000.00 | Sofos Realty |
| 32 | 864 | 3/22/02 | $7,280.23 | Sofos |
| 33 | 875 | 4/25/02 | $6,507.06 | Sofos Relty |
| 34 | 886 | 5/22/02 | $8,000.00 | Riald Investment |
| 35 | 899 | 6/22/02 | $6,633.47 | Sofos Realty |
| 36 | 911 | 7/19/02 | $7,547.72 | Sofos Realty |
| 37 | 923 | 8/29/02 | $7,547.72 | Sofos Realty |

| Count | Check No. | Date of Check | Amount of Check | Payee |
|---|---|---|---|---|
| 38 | 934 | 9/21/02 | $7,547.72 | Sofos Realty |
| 39 | 943 | 10/24/02 | $7,547.72 | Sofos Realty |
| 40 | 953 | 11/22/02 | $7,547.72 | Sofos Realty |
| 41 | 956 | 12/21/02 | $7,559.85 | Sofos Realty |
| 42 | 971 | 1/22/03 | $7,559.85 | Sofos Realty |
| 43 | 982 | 2/21/03 | $7,559.85 | Sofos Realty |
| 44 | 993 | 3/22/03 | $8,145.66 | Sofos Realty |
| 45 | 1003 | 4/5/03 | $588.37 | Sofos Realty |
| 46 | 1010 | 4/25/03 | $6,676.01 | Sofos Relty |
| 47 | 1025 | 5/22/03 | $7,852.75 | Sofo |
| 48 | 1052 | 6/25/03 | $7,852.75 | Sofo |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT 49

The Grand Jury further charges that:

A.   As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) alleged in Counts 3-48 of the Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

> 1.   A sum of money equal to $334,488.17 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 3-48.

B.   If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

    1.    cannot be located upon the exercise of due diligence;

    2.    has been transferred or sold to, or deposited with, a third person;

    3.    has been placed beyond the jurisdiction of the court;

    4.    has been substantially diminished in value; or

    5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), to seek forfeiture of any other property of the Defendant BETTY YI HERNANDEZ up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982, 1956(a)(1)(A)(i) and Title 21, United States Code, Section 856(a)(2).

## COUNT 50

The Grand Jury further charges:

A.   As a result of committing one or more of the offenses alleged in Counts 3-48 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds which Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as the result of such offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of, such offenses, including but not limited to the following:

    1. A sum of money equal to $334,488.17 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 3-48.

    B. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

    1. cannot be located upon the exercise of due diligence;

    2. has been transferred or sold to, or deposited with, a third person;

    3. has been placed beyond the jurisdiction of the court;

    4. has been substantially diminished in value; or

    5. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Sections 853 and 856(a)(2).

### COUNTS 51-97

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the district of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to

7

conduct a financial transaction affecting interstate commerce, to wit, defendant withdrew funds from her "Swing Video" checking account, number 47-01975, at First Hawaiian Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), by way of checks drawn on the account payable to Countrywide which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances, with each transaction representing a separate count of this indictment:

| Count | Check No. | Date of Check | Amount of Check |
|---|---|---|---|
| 51 | 570 | 11/10/99 | $1,685.53 |
| 52 | 581 | 11/22/99 | $1,605.27 |
| 53 | 594 | 12/21/99 | $1,700.00 |
| 54 | 609 | 1/27/00 | $1,700.00 |
| 55 | 624 | 2/27/00 | $1,685.53 |
| 56 | 638 | 3/27/00 | $1,605.53 |
| 57 | 653 | 4/27/00 | $1,605.27 |

| Count | Check No. | Date of Check | Amount of Check |
|-------|-----------|---------------|-----------------|
| 58 | 665 | 5/31/00 | $1,605.27 |
| 59 | 675 | 6/25/00 | $1,605.27 |
| 60 | 685 | 7/26/00 | $1,605.27 |
| 61 | 705 | 8/27/00 | $1,605.27 |
| 62 | 716 | 9/27/00 | $1,605.27 |
| 63 | 732 | 10/27/00 | $1,685.53 |
| 64 | 762 | 11/27/00 | $1,605.27 |
| 65 | 787 | 12/27/00 | $1,685.53 |
| 66 | 740 | 1/19/01 | $1,605.53 |
| 67 | 748 | 1/27/01 | $1,605.27 |
| 68 | 829 | 3/7/01 | $1,605.27 |
| 69 | 843 | 4/27/01 | $1,685.53 |
| 70 | 717 | 5/14/01 | $2,029.25 |
| 71 | 732 | 6/1/01 | $2,029.25 |
| 72 | 759 | 8/7/01 | $2,029.25 |
| 73 | 764 | 8/23/01 | $2,029.25 |
| 74 | 769 | 9/4/01 | $2,029.25 |
| 75 | 785 | 9/26/01 | $1,876.45 |
| 76 | 793 | 10/13/01 | $1,876.45 |
| 77 | 799 | 10/30/01 | $1,876.45 |
| 78 | 812 | 11/22/01 | $1,876.45 |
| 79 | 819 | 12/14/01 | $1,876.45 |
| 80 | 831 | 1/17/02 | $1,876.45 |
| 81 | 896 | 6/19/02 | $1,729.43 |
| 82 | 897 | 6/19/02 | $1,729.43 |
| 83 | 906 | 7/2/02 | $1,815.90 |
| 84 | 915 | 7/26/02 | $1,729.43 |
| 85 | 918 | 8/6/02 | $1,729.43 |
| 86 | 922 | 8/21/02 | $1,729.43 |
| 87 | 966 | 1/11/03 | $3,371.40 |
| 88 | 974 | 1/23/03 | $4,816.29 |
| 89 | 979 | 2/7/03 | $3,210.86 |
| 90 | 981 | 2/21/03 | $5,000.00 |
| 91 | 986 | 3/6/03 | $5,000.00 |
| 92 | 991 | 3/25/03 | $1,512.45 |
| 93 | 1004 | 4/10/03 | $1,512.45 |
| 94 | 1011 | 4/25/03 | $1,512.45 |
| 95 | 1019 | 5/7/03 | $1,512.45 |
| 96 | 1033 | 5/31/03 | $1,512.45 |
| 97 | 1044 | 6/15/03 | $1,512.45 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

COUNT 98

The Grand Jury further charges:

A.   As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(i)(B)(i) alleged in Counts 51-97 of the Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

1. A sum of money equal to $93,432.66 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 51-97.

2. The fee simple interest in the real property located at 3075 Ala Poha Place, #1609, Honolulu, Hawaii 96818, titled in the name of BETTY YI HERNANDEZ, and more specifically identified as Tax Map Key No. 1-1-1-065-041-0176, together with all improvements, appurtenances, fixtures, attachments and easements.

B.   If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third person;

3. has been placed beyond the jurisdiction of the court;

4. has been substantially diminished in value; or

10

     5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code, Section 856(a)(2).

## COUNT 99

The Grand Jury further charges:

A.   As a result of committing one or more of the offenses alleged in Counts 51-97 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds which Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as the result of such offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including but not limited to the following:

     1.    A sum of money equal to $93,432.66 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 51-97.

     2.    The fee simple interest in the real property located at 3075 Ala Poha Place, #1609, Honolulu,

        Hawaii 96818, titled in the name of BETTY YI HERNANDEZ, and more specifically identified as Tax Map Key No. 1-1-1-065-041-0176, together with all improvements, appurtenances, fixtures, attachments and easements.

    B.    If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

    1.    cannot be located upon the exercise of due diligence;

    2.    has been transferred or sold to, or deposited with, a third person;

    3.    has been placed beyond the jurisdiction of the court;

    4.    has been substantially diminished in value; or

    5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

//
//
//
//
//
//
//
//

All in violation of Title 21, United States Code, Sections 853 and 856(a)(2).

DATED: December 10, 2003, at Honolulu, Hawaii.

A TRUE BILL

/s/

FOREPERSON, Grand Jury

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI
Chief, Narcotics Section

LORETTA SHEEHAN
Assistant U.S. Attorney

UNITED STATES V. BETTY YI HERNANDEZ, a.k.a. "Suki"
Cr. No.
"Indictment"

13