EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

LORETTA SHEEHAN
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  loretta.sheehan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 3 1 2004
at ___ o'clock and ___ min. ___ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00579 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | FIRST SUPERSEDING INDICTMENT |
| vs. | ) | |
| | ) | [21 U.S.C. §§ 856(a)(2), 853; |
| BETTY YI HERNANDEZ, | ) | 18 U.S.C. §§ 1956, 982; 2] |
| a.k.a. "Suki," | ) | |
| | ) | |
| Defendant. | ) | |

FIRST SUPERSEDING INDICTMENT

COUNT 1

The Grand Jury charges that:

From a date unknown, but by at least November 3, 1999

to and including December 11, 2003, the defendant, BETTY YI

HERNANDEZ, a.k.a. "Suki," managed and controlled any building,

room, and enclosure, either as an owner, leasee, agent, employee,

and mortgagee, and knowingly and intentionally rented, leased,

and made available for use, with or without compensation, the building, room, and enclosure for the purpose of unlawfully manufacturing, storing, distributing, and using controlled substances.

All in violation of Title 21, United States Code, Sections 856(a)(2) and 856(b).

COUNT 2

The Grand Jury further charges:

A.    As a result of committing the offense alleged in Count 1 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds which Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to the following:

ALL INVENTORY AND EQUIPMENT LOCATED AT SWING VIDEO, 1340 KAPIOLANI BLVD., STE. 102, HONOLULU, HAWAII.

B.    If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

1.    cannot be located upon the exercise of due diligence;

2.    has been transferred or sold to, or deposited with, a third person;

3.    has been placed beyond the jurisdiction of the court;

2

4.    has been substantially diminished in value; or

5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Sections 853 and 856(a)(2).

<u>COUNTS 3-48</u>

PAYMENTS TO SOFOS REALTY AND/OR RIALD INVESTMENT

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, defendant withdrew funds from her "Swing Video" checking account, number 47-019753, at First Hawaiian Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), by way of checks drawn on the account payable to Sofos Realty and/or Riald Investment which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting

3

to conduct such transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to promote the carrying on of the aforesaid specified unlawful activity, with each transaction representing a separate count of this indictment:

| Count | Check No. | Date of Check | Amount of Check | Payee |
|---|---|---|---|---|
| 3 | 575 | 11/2/99 | $7,041.62 | Sofos Realty |
| 4 | 589 | 12/2/99 | $7,041.62 | Sofos |
| 5 | 599 | 12/26/99 | $7,041.62 | Sofos Realty |
| 6 | 613 | 1/29/00 | $7,041.62 | Sofos Realty |
| 7 | 623 | 2/25/00 | $7,041.62 | Sofos Realty |
| 8 | 639 | 3/27/00 | $7,041.62 | Sofos |
| 9 | 651 | 4/27/00 | $11,328.25 | Sofos Realty |
| 10 | 664 | 5/25/00 | $7,174.93 | Sofos |
| 11 | 674 | 6/25/00 | $7,174.93 | Sofos Realty |
| 12 | 688 | 7/26/00 | $7,174.93 | Sofos Realty |
| 13 | 707 | 8/27/00 | $7,174.93 | Sofos Realty |
| 14 | 722 | 9/27/00 | $7,174.93 | Sofos Realty |
| 15 | 757 | 10/22/00 | $7,174.93 | Sofos Realty |
| 16 | 772 | 11/27/00 | $7,174.93 | Sofos Realty |
| 17 | 791 | 12/27/00 | $7,174.93 | Sofos Realty |
| 18 | 746 | 1/23/01 | $7,174.93 | Sofos Realty |
| 19 | 818 | 2/26/01 | $7,408.62 | Sofos Realty |
| 20 | 835 | 3/23/01 | $7,361.16 | Sofos Realty |
| 21 | 704 | 4/21/01 | $7,361.16 | Sofos Realty |
| 22 | 723 | 5/23/01 | $7,361.16 | Sofos Realty |
| 23 | 737 | 6/23/01 | $7,361.16 | Sofos |
| 24 | 751 | 7/21/01 | $7,361.16 | Sofos |
| 25 | 766 | 8/25/01 | $7,361.16 | Sofos Realty |
| 26 | 780 | 9/21/01 | $7,361.16 | Sofos Realty |
| 27 | 796 | 10/18/01 | $7,361.16 | Sofos Realty |
| 28 | 810 | 11/21/01 | $7,361.16 | Sofos |
| 29 | 821 | 12/21/01 | $7,361.16 | Sofos |
| 30 | 845 | 1/28/02 | $7,361.16 | Sofos Property |
| 31 | 856 | 2/26/02 | $8,000.00 | Sofos Realty |
| 32 | 864 | 3/22/02 | $7,280.23 | Sofos |
| 33 | 875 | 4/25/02 | $6,507.06 | Sofos Relty |
| 34 | 886 | 5/22/02 | $8,000.00 | Riald Investment |
| 35 | 899 | 6/22/02 | $6,633.47 | Sofos Realty |

| Count | Check No. | Date of Check | Amount of Check | Payee |
|-------|-----------|---------------|-----------------|-------|
| 36 | 911 | 7/19/02 | $7,547.72 | Sofos Realty |
| 37 | 923 | 8/29/02 | $7,547.72 | Sofos Realty |
| 38 | 934 | 9/21/02 | $7,547.72 | Sofos Realty |
| 39 | 943 | 10/24/02 | $7,547.72 | Sofos Realty |
| 40 | 953 | 11/22/02 | $7,547.72 | Sofos Realty |
| 41 | 956 | 12/21/02 | $7,559.85 | Sofos Realty |
| 42 | 971 | 1/22/03 | $7,559.85 | Sofos Realty |
| 43 | 982 | 2/21/03 | $7,559.85 | Sofos Realty |
| 44 | 993 | 3/22/03 | $8,145.66 | Sofos Realty |
| 45 | 1003 | 4/5/03 | $588.37 | Sofos Realty |
| 46 | 1010 | 4/25/03 | $6,676.01 | Sofos Relty |
| 47 | 1025 | 5/22/03 | $7,852.75 | Sofo |
| 48 | 1052 | 6/25/03 | $7,852.75 | Sofo |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT 49

The Grand Jury further charges that:

A.   As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) alleged in Counts 3-48 of the Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

1.   A sum of money equal to $334,488.17 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 3-48.

B.    If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

    1.    cannot be located upon the exercise of due diligence;

    2.    has been transferred or sold to, or deposited with, a third person;

    3.    has been placed beyond the jurisdiction of the court;

    4.    has been substantially diminished in value; or

    5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), to seek forfeiture of any other property of the Defendant BETTY YI HERNANDEZ up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982, 1956(a)(1)(A)(i) and Title 21, United States Code, Section 856(a)(2).

<u>COUNT 50</u>

The Grand Jury further charges:

A.    As a result of committing one or more of the offenses alleged in Counts 3-48 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds which Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as

6

the result of such offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including but not limited to the following:

    1.    A sum of money equal to $334,488.17 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 3-48.

    B.    If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

    1.    cannot be located upon the exercise of due diligence;

    2.    has been transferred or sold to, or deposited with, a third person;

    3.    has been placed beyond the jurisdiction of the court;

    4.    has been substantially diminished in value; or

    5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Sections 853 and 856(a)(2).

COUNTS 51-97

PAYMENTS TO COUNTRYWIDE MORTGAGE, INC.

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, defendant withdrew funds from her "Swing Video" checking account, number 47-019753, at First Hawaiian Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), by way of checks drawn on the account payable to Countrywide Mortgage, Inc. which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled

8

substances, with each transaction representing a separate count

of this indictment:

| Count | Check No. | Date of Check | Amount of Check |
|-------|-----------|---------------|-----------------|
| 51 | 570 | 11/10/99 | $1,685.53 |
| 52 | 581 | 11/22/99 | $1,605.27 |
| 53 | 594 | 12/21/99 | $1,700.00 |
| 54 | 609 | 1/27/00 | $1,700.00 |
| 55 | 624 | 2/27/00 | $1,685.53 |
| 56 | 638 | 3/27/00 | $1,605.53 |
| 57 | 653 | 4/27/00 | $1,605.27 |
| 58 | 665 | 5/31/00 | $1,605.27 |
| 59 | 675 | 6/25/00 | $1,605.27 |
| 60 | 685 | 7/26/00 | $1,605.27 |
| 61 | 705 | 8/27/00 | $1,605.27 |
| 62 | 716 | 9/27/00 | $1,605.27 |
| 63 | 732 | 10/27/00 | $1,685.53 |
| 64 | 762 | 11/27/00 | $1,605.27 |
| 65 | 787 | 12/27/00 | $1,685.53 |
| 66 | 740 | 1/19/01 | $1,605.53 |
| 67 | 748 | 1/27/01 | $1,605.27 |
| 68 | 829 | 3/7/01 | $1,605.27 |
| 69 | 843 | 4/27/01 | $1,685.53 |
| 70 | 717 | 5/14/01 | $2,029.25 |
| 71 | 732 | 6/1/01 | $2,029.25 |
| 72 | 759 | 8/7/01 | $2,029.25 |
| 73 | 764 | 8/23/01 | $2,029.25 |
| 74 | 769 | 9/4/01 | $2,029.25 |
| 75 | 785 | 9/26/01 | $1,876.45 |
| 76 | 793 | 10/13/01 | $1,876.45 |
| 77 | 799 | 10/30/01 | $1,876.45 |
| 78 | 812 | 11/22/01 | $1,876.45 |
| 79 | 819 | 12/14/01 | $1,876.45 |
| 80 | 831 | 1/17/02 | $1,876.45 |
| 81 | 896 | 6/19/02 | $1,729.43 |
| 82 | 897 | 6/19/02 | $1,729.43 |
| 83 | 906 | 7/2/02 | $1,815.90 |
| 84 | 915 | 7/26/02 | $1,729.43 |
| 85 | 918 | 8/6/02 | $1,729.43 |
| 86 | 922 | 8/21/02 | $1,729.43 |
| 87 | 966 | 1/11/03 | $3,371.40 |
| 88 | 974 | 1/23/03 | $4,816.29 |
| 89 | 979 | 2/7/03 | $3,210.86 |
| 90 | 981 | 2/21/03 | $5,000.00 |
| 91 | 986 | 3/6/03 | $5,000.00 |

| Count | Check No. | Date of Check | Amount of Check |
|-------|-----------|---------------|-----------------|
| 92    | 991       | 3/25/03       | $1,512.45       |
| 93    | 1004      | 4/10/03       | $1,512.45       |
| 94    | 1011      | 4/25/03       | $1,512.45       |
| 95    | 1019      | 5/7/03        | $1,512.45       |
| 96    | 1033      | 5/31/03       | $1,512.45       |
| 97    | 1044      | 6/15/03       | $1,512.45       |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

COUNT 98

The Grand Jury further charges:

A.   As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(i)(B)(i) alleged in Counts 51-97 of the Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

1.   A sum of money equal to $93,432.66 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 51-97.

2.   The fee simple interest in the real property located at 3075 Ala Poha Place, #1609, Honolulu, Hawaii 96818, titled in the name of BETTY YI HERNANDEZ, and more specifically identified as Tax Map Key No. 1-1-1-065-041-0176, together with all improvements, appurtenances, fixtures, attachments and easements.

B.    If any of the above-described forfeitable

property, as a result of any act or omission of the Defendant --

1.    cannot be located upon the exercise of due
diligence;

2.    has been transferred or sold to, or deposited
with, a third person;

3.    has been placed beyond the jurisdiction of the
court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 982(b)(2), to seek forfeiture of any

other property of the Defendant up to the value of the above

forfeitable property.

All in violation of Title 18, United States Code,

Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code,

Section 856(a)(2).

<u>COUNT 99</u>

The Grand Jury further charges:

A.    As a result of committing one or more of the

offenses alleged in Counts 51-97 of this Indictment, Defendant

BETTY YI HERNANDEZ shall forfeit to the United States, pursuant

to Title 21, United States Code, Section 853, any and all

property constituting, or derived from, any proceeds which

Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as

11

the result of such offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including but not limited to the following:

      1.    A sum of money equal to $93,432.66 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 51-97.

      2.    The fee simple interest in the real property located at 3075 Ala Poha Place, #1609, Honolulu, Hawaii 96818, titled in the name of BETTY YI HERNANDEZ, and more specifically identified as Tax Map Key No. 1-1-1-065-041-0176, together with all improvements, appurtenances, fixtures, attachments and easements.

      B.    If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

      1.    cannot be located upon the exercise of due diligence;

      2.    has been transferred or sold to, or deposited with, a third person;

      3.    has been placed beyond the jurisdiction of the court;

      4.    has been substantially diminished in value; or

      5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

12

All in violation of Title 21, United States Code, Sections 853 and 856(a)(2).

COUNT 100

U.S. CURRENCY SEIZED AT SWING VIDEO

The Grand Jury further charges:

A.    As a result of committing the offense alleged in Count 1 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds which Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to the following: $2,859.65 in U.S. currency seized at Swing Video on December 11, 2003.

B.    If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

1.    cannot be located upon the exercise of due diligence;

2.    has been transferred or sold to, or deposited with, a third person;

3.    has been placed beyond the jurisdiction of the court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which cannot be subdivided without difficulty;

13

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Sections 853 and 856(a)(2).

COUNTS 101-109

PAYMENTS TO FIDELITY NATIONAL ESCROW CORPORATION

COUNT 101

The Grand Jury further charges:

On or about January 7, 2001, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, defendant withdrew funds from her "Swing Video" checking account, number 47-019753, at First Hawaiian Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), by way of a check payable to Fidelity National in the amount of $5,000.00, drawn on the account of Swing Video which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the defendant knew that the property involved

14

in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>COUNTS 102-103</u>

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct, and cause another to conduct and attempt to conduct, a financial transaction affecting interstate commerce, to wit, to withdraw funds from the Kuku's Fishing, Inc. checking account, number 80682344, at Bank of Hawaii (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), by way of checks drawn on the account, payable to Fidelity National Escrow which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and

15

that while causing another to conduct and attempt to conduct such transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances, with each transaction representing a separate count of this indictment:

| Count | Check No. | Date of Check | Amount of Check | Payee |
|-------|-----------|---------------|-----------------|-------|
| 102 | 371 | 01/23/01 | $5,000.00 | Fidelity National Escrow |
| 103 | 372 | 01/23/01 | $5,000.00 | Fidelity National Escrow |

COUNT 104

The Grand Jury further charges:

On or about April 9, 2001, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, defendant purchased Cashier's Check #20319308 from Bank of Hawaii (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), in the amount of $15,000.00 which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of

16

controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>COUNTS 105-106</u>

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct, and cause another to conduct and attempt to conduct, a financial transaction affecting interstate commerce, to wit, to purchase Cashier's Checks from City Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), as set forth in tabular form below which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution

17

of controlled substances in violation of Title 21, United States
Code, Section 856(a)(2), and that while causing another to
conduct and attempt to conduct such transaction, the defendant
knew that the property involved in the financial transaction
represented the proceeds of some form of unlawful activity; and
knew that the transaction was designed in whole or in part, to
conceal and disguise the nature, the location, the source, the
ownership, and the control of the proceeds of specified unlawful
activity, to wit, making available the premises of Swing Video
for distribution of controlled substances, with each transaction
representing a separate count of this indictment:

| Count | Check No. | Date of Check | Amount of Check | Payee |
|-------|-----------|---------------|-----------------|-------|
| 105 | 1008811 | 04/06/01 | $60,000.00 | Fidelity National Title Escrow |
| 106 | 221618 | 04/09/01 | $5,000.00 | Fidelity National Title Escrow |

    All in violation of Title 18, United States Code,
Section 1956(a)(1)(B)(i).

                          COUNT 107

    The Grand Jury further charges:

    On or about April 9, 2001, in the District of Hawaii,
the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly
conduct and attempt to conduct a financial transaction affecting
interstate commerce, to wit, defendant withdrew funds from her

                              18

checking account, number 236322420, at City Bank (said bank was

engaged in interstate commerce and insured by the Federal Deposit

Insurance Corporation), by way of a City Bank Cashier's check

#220948, payable to Fidelity National Title Escrow in the amount

of $12,000.00, which involved the proceeds of specified unlawful

activity, that is, making available the premises of Swing Video

for the distribution of controlled substances in violation of

Title 21, United States Code, Section 856(a)(2), and that while

conducting and attempting to conduct such transaction, the

defendant knew that the property involved in the financial

transaction represented the proceeds of some form of unlawful

activity; and knew that the transaction was designed in whole or

in part, to conceal and disguise the nature, the location, the

source, the ownership and the control of the proceeds of

specified unlawful activity, to wit, making available the

premises of Swing Video for distribution of controlled

substances.

        All in violation of Title 18, United States Code,

Section 1956(a)(1)(B)(i).

                            COUNT 108

        The Grand Jury further charges:

        On or about April 9, 2001, in the District of Hawaii,

the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly

conduct and attempt to conduct a financial transaction affecting

                                19

interstate commerce, to wit, defendant withdrew funds from her checking account, number 37961, at University of Hawaii Federal Credit Union (said bank was engaged in interstate commerce and insured by the National Credit Union Administration), by way of a University of Hawaii Federal Credit Union check #130988, payable to Fidelity National Title & Escrow in the amount of $10,000.00, which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>COUNT 109</u>

The Grand Jury further charges:

On or about April 9, 2001, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly

20

conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, defendant purchased Official Bank Check #02414655 from First Hawaiian Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), payable to Fidelity National Title and Escrow in the amount of $10,048.35, which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>COUNT 110</u>

The Grand Jury further charges that:

A.    As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section

21

1956(a)(1)(A)(i) alleged in Counts 101-109 of the Indictment,

Defendant BETTY YI HERNANDEZ shall forfeit to the United States,

pursuant to Title 18, United States Code, Section 982, any and

all property, real or personal, involved in such offenses, and

all property traceable to such property, including but not

limited to the following:

      1.   A sum of money equal to $127,048.35 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 101-109.

      B.   If any of the above-described forfeitable

property, as a result of any act or omission of the Defendant --

      1.   cannot be located upon the exercise of due diligence;

      2.   has been transferred or sold to, or deposited with, a third person;

      3.   has been placed beyond the jurisdiction of the court;

      4.   has been substantially diminished in value; or

      5.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 982(b)(2), to seek forfeiture of any

other property of the Defendant BETTY YI HERNANDEZ up to the

value of the above forfeitable property.

      All in violation of Title 18, United States Code,

Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code,

Section 856(a)(2).

COUNT 111

The Grand Jury further charges:

A.    As a result of committing one or more of the offenses alleged in Counts 101-109 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds which Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as the result of such offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including but not limited to the following:

1.    A sum of money equal to $127,048.35 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 101-109.

B.    If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

1.    cannot be located upon the exercise of due diligence;

2.    has been transferred or sold to, or deposited with, a third person;

3.    has been placed beyond the jurisdiction of the court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which cannot be subdivided without difficulty;

23

it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p) to seek forfeiture of any
other property of the Defendant up to the value of the above
forfeitable property.

All in violation of Title 21, United States Code,
Sections 853 and 856(a)(2).

<u>COUNTS 112-121</u>

DEPOSITS TO TENNY CORPORATION, dba NORTH KING SHELL

<u>COUNT 112</u>

The Grand Jury further charges:

On or about the following dates set forth in tabular
form below, in the District of Hawaii, the defendant, BETTY YI
HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to
conduct a financial transaction affecting interstate commerce, to
wit, defendant caused funds to be deposited into accounts #48-
061737, the checking account of Tenny Corporation, dba North King
Shell, at First Hawaiian Bank (said bank was engaged in
interstate commerce and insured by the Federal Deposit Insurance
Corporation), which involved the proceeds of specified unlawful
activity, that is, making available the premises of Swing Video
for the distribution of controlled substances in violation of
Title 21, United States Code, Section 856(a)(2), and that while
conducting and attempting to conduct such transactions, the
defendant knew that the property involved in the financial

24

transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances, with each transaction representing a separate count of this indictment:

| Count | Form of Deposit | Date of Transaction | Amount | Payee |
|---|---|---|---|---|
| 112 | cash | 03/27/01 | $9,000.00 | Tenny Corporation |
| 113 | Swing Video LLC check #1007 | 03/27/01 | $10,000.00 | N. King Shell |
| 114 | American Savings Bank check #2231 | 04/09/01 | $8,000.00 | N. King Shell |
| 115 | American Savings Bank Cashier's Check #400073605 | 04/10/01 | $10,000.00 | North King Shell |
| 116 | Swing Video check #853 | 04/10/01 | $20,000.00 | North King Shell Station |
| 117 | Swing Video check #000 | 05/03/01 | $12,000.00 | North King Shell |
| 118 | Swing Video LLC check #1016 | 04/01/02 | $5,000.00 | N. King Shell |
| 119 | Swing Video check #999 | 04/01/03 | $10,000.00 | N. King Shell |
| 120 | Swing Video check #1048 | 06/24/03 | $30,000.00 | N. King Shell |

121          Swing Video      08/07/03          $2,000.00  N. King Shell
             check #1081

        All in violation of Title 18, United States Code,

Section 1956(a)(1)(B)(i).

                        COUNTS 122-125

                   PAYMENTS TO SHELL CORPORATION

        The Grand Jury further charges:

        On or about the following dates set forth in tabular

form below, in the District of Hawaii, the defendant, BETTY YI

HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to

conduct a financial transaction affecting interstate commerce, to

wit, to purchase an Official Bank Check at First Hawaiian Bank

(said bank was engaged in interstate commerce and insured by the

Federal Deposit Insurance Corporation), payable to Shell

Corporation, which involved the proceeds of specified unlawful

activity, that is, making available the premises of Swing Video

for the distribution of controlled substances in violation of

Title 21, United States Code, Section 856(a)(2), and that while

conducting and attempting to conduct such transaction, the

defendant knew that the property involved in the financial

transaction represented the proceeds of some form of unlawful

activity; and knew that the transaction was designed in whole or

in part, to conceal and disguise the nature, the location, the

source, the ownership, and the control of the proceeds of

specified unlawful activity, to wit, making available the

                             26

premises of Swing Video for distribution of controlled

substances, with each transaction representing a separate count

of this indictment:

| Count | Check No. | Date of Check | Amount of Check | Payee |
|---|---|---|---|---|
| 122 | First Hawaiian Bank Official Bank Check #0539226-9 | 09/18/03 | $17,400.00 | Shell Corporation |
| 123 | First Hawaiian Bank Official Bank Check #0532437-3 | 09/29/03 | $17,400.00 | Shell Corporation |
| 124 | First Hawaiian Bank Official Bank Check #0532476-9 | 10/02/03 | $17,400.00 | Shell Corporation |
| 125 | First Hawaiian Bank Official Bank Check #0532496-7 | 10/06/03 | $17,400.00 | Shell Corporation |

All in violation of Title 18, United States Code,

Section 1956(a)(1)(B)(i).

<u>COUNT 126</u>

The Grand Jury further charges that:

A.    As a result of committing one or more of the

offenses in violation of Title 18, United States Code, Section

1956(a)(1)(A)(i) alleged in Counts 112-125 of the Indictment,

Defendant BETTY YI HERNANDEZ shall forfeit to the United States,

pursuant to Title 18, United States Code, Section 982, any and

all property, real or personal, involved in such offenses, and

27

all property traceable to such property, including but not
limited to the following:

      1.   A sum of money equal to $185,600.00 in United
         States currency, representing the amount of
         proceeds obtained as a result of the offenses
         listed in Counts 112-125.

      B.   If any of the above-described forfeitable
property, as a result of any act or omission of the Defendant –

      1.   cannot be located upon the exercise of due
         diligence;

      2.   has been transferred or sold to, or deposited
         with, a third person;

      3.   has been placed beyond the jurisdiction of the
         court;

      4.   has been substantially diminished in value; or

      5.   has been commingled with other property which
         cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,
United States Code, Section 982(b)(2), to seek forfeiture of any
other property of the Defendant BETTY YI HERNANDEZ up to the
value of the above forfeitable property.

All in violation of Title 18, United States Code,
Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code,
Section 856(a)(2).

<u>COUNT 127</u>

The Grand Jury further charges:

A.   As a result of committing one or more of the
offenses alleged in Counts 112-125 of this Indictment, Defendant

BETTY YI HERNANDEZ shall forfeit to the United States, pursuant

to Title 21, United States Code, Section 853, any and all

property constituting, or derived from, any proceeds which

Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as

the result of such offenses and any and all property used, or

intended to be used, in any manner or part, to commit, or to

facilitate the commission of, such offenses, including but not

limited to the following:

      1.   A sum of money equal to $185,600.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 112-125.

      B.   If any of the above-described forfeitable

property, as a result of any act or omission of the Defendant --

      1.   cannot be located upon the exercise of due diligence;

      2.   has been transferred or sold to, or deposited with, a third person;

      3.   has been placed beyond the jurisdiction of the court;

      4.   has been substantially diminished in value; or

      5.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p) to seek forfeiture of any

other property of the Defendant up to the value of the above

forfeitable property.

All in violation of Title 21, United States Code, Sections 853 and 856(a)(2).

### COUNTS 128-161

PAYMENTS TO FIRST NATIONWIDE MORTGAGE CORPORATION

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, defendant withdrew funds from her "Swing Video" checking account, number 47-019753, at First Hawaiian Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), by way of checks drawn on the account payable to First Nationwide Mortgage which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available

30

the premises of Swing Video for distribution of controlled

substances, with each transaction representing a separate count

of this indictment:

| Count | Check No. | Date of Check | Amount of Check |
|-------|-----------|---------------|-----------------|
| 128 | 569 | 11/02/99 | $1,004.44 |
| 129 | 583 | 11/22/99 | $1,004.44 |
| 130 | 600 | 12/26/99 | $1,004.44 |
| 131 | 612 |  | $1,069.14 |
| 132 | 625 | 02/28/00 | $1,069.14 |
| 133 | 637 | 03/27/00 | $1,069.14 |
| 134 | 663 |  | $1,069.14 |
| 135 | 677 | 06/25/00 | $1,107.89 |
| 136 | 648 | 04/23/00 | $1,100.00 |
| 137 | 690 | 07/26/00 | $1,184.47 |
| 138 | 706 | 08/27/00 | $1,184.47 |
| 139 | 727 | 09/27/00 | $1,184.47 |
| 140 | 758 | 10/24/00 | $1,184.47 |
| 141 | 773 | 11/28/00 | $1,184.47 |
| 142 | 792 | 12/28/00 | $1,184.47 |
| 143 | 750 | 01/27/01 | $1,140.68 |
| 144 | 817 | 02/22/01 | $1,140.68 |
| 145 | 832 | 03/20/01 | $1,140.68 |
| 146 | 703 | 04/21/01 | $1,140.68 |
| 147 | 718 |  | $1,140.68 |
| 148 | 734 | 06/13/01 | $1,140.68 |
| 149 | 760 | 08/07/01 | $1,056.74 |
| 150 | 763 | 08/12/01 | $1,056.74 |
| 151 | 783 | 09/26/01 | $1,056.74 |
| 152 | 795 | 10/19/01 | $1,056.74 |
| 153 | 808 | 11/15/01 | $1,056.74 |
| 154 | 820 | 12/14/01 | $1,056.74 |
| 155 | 832 | 01/19/02 | $976.79 |
| 156 | 850 | 02/14/02 | $976.79 |
| 157 | 860 | 03/19/02 | $976.79 |
| 158 | 872 | 04/19/02 | $976.79 |
| 159 | 884 | 05/17/02 | $976.79 |
| 160 | 893 | 06/15/02 | $976.79 |
| 161 | 909 | 07/16/02 | $901.04 |

All in violation of Title 18, United States Code,

Section 1956(a)(1)(B)(i).

31

COUNTS 162-167

PAYMENTS TO FIRST HAWAIIAN TITLE CORPORATION

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct, and cause another to conduct and attempt to conduct, a financial transaction affecting interstate commerce, to wit, the purchase of cashier's checks from financial institutions engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation and the National Credit Union Administration, payable to First Hawaii Title Corporation, which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct, and causing another to conduct and attempt to conduct such a transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available

32

the premises of Swing Video for distribution of controlled substances.

| Count | Cashier's Check | Date of Check | Amount of Check |
|-------|-----------------|---------------|-----------------|
| 162 | Hawaii State Federal Credit Union Check #542378 | 10/15/02 | $5,000.00 |
| 163 | Bank of Hawaii Check #20498580 | 10/23/02 | $5,000.00 |
| 164 | Bank of Hawaii Check #20580099 | 10/15/02 | $5,000.00 |
| 165 | First Hawaiian Check #04424022 | 10/18/02 | $5,000.00 |
| 166 | Bank of Hawaii Check #20580196 | 10/23/02 | $5,000.00 |
| 167 | American Savings Bank Check #2049850 | 10/23/02 | $5,000.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT 168

The Grand Jury further charges:

A.   As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) alleged in Counts 128-167 of the Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, any and all property, real or personal, involved in such offenses, and

33

all property traceable to such property, including but not limited to the following:

1. A sum of money equal to $66,550.89 in United States currency, representing the amount of proceeds obtained as a result of the offenses listed in Counts 128-167.

B. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant –

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third person;

3. has been placed beyond the jurisdiction of the court;

4. has been substantially diminished in value; or

5. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), to seek forfeiture of any other property of the Defendant BETTY YI HERNANDEZ up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code, Section 856(a)(2).

## COUNT 169

The Grand Jury further charges:

A. As a result of committing one or more of the offenses alleged in Counts 128-167 of this Indictment, Defendant

BETTY YI HERNANDEZ shall forfeit to the United States, pursuant

to Title 21, United States Code, Section 853, any and all

property constituting, or derived from, any proceeds which

Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as

the result of such offenses and any and all property used, or

intended to be used, in any manner or part, to commit, or to

facilitate the commission of, such offenses, including but not

limited to the following:

   1. A sum of money equal to $66,550.89 in United
      States currency, representing the amount of
      proceeds obtained as a result of the offenses
      listed in Counts 128-167.

   B. If any of the above-described forfeitable

property, as a result of any act or omission of the Defendant –

   1. cannot be located upon the exercise of due
      diligence;

   2. has been transferred or sold to, or deposited
      with, a third person;

   3. has been placed beyond the jurisdiction of the
      court;

   4. has been substantially diminished in value; or

   5. has been commingled with other property which
      cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p) to seek forfeiture of any

other property of the Defendant up to the value of the above

forfeitable property.

All in violation of Title 21, United States Code, Sections 853 and 856(a)(2).

## COUNTS 170-175

### DEPOSITS WITH HONOLULU DISTRICT COURT

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct, and cause another to conduct and attempt to conduct, a financial transaction affecting interstate commerce, to wit, the purchase of a cashier's check from a bank engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation, payable to Honolulu District Court, which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct, and causing others to conduct and attempting to conduct, such transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available

36

the premises of Swing Video for distribution of controlled

substances, with each transaction representing a separate count

of this indictment:

| Count | Cashier's Check | Date of Check | Amount of Check |
|-------|-----------------|---------------|-----------------|
| 170 | First Hawaiian Bank #0558846-9 | 11/06/03 | $12,000.00 |
| 171 | City Bank #232197 | 11/06/03 | $8,000.00 |
| 172 | Bank of Hawaii #400794 | 11/06/03 | $5,000.00 |
| 173 | Bank of Hawaii #1701607 | 11/06/03 | $5,000.00 |
| 174 | American Savings Bank #400767383 | 11/06/03 | $20,000.00 |

All in violation of Title 18, United States Code,

Sections 1956(a)(1)(B)(i) and 2.

## COUNT 175

The Grand Jury further charges:

A.   As a result of committing one or more of the

offenses in violation of Title 18, United States Code, Section

1956(a)(1)(A)(i) alleged in Counts 170-174 of the Indictment,

Defendant BETTY YI HERNANDEZ shall forfeit to the United States,

pursuant to Title 18, United States Code, Section 982, any and

all property, real or personal, involved in such offenses, and

all property traceable to such property, including but not

limited to the following:

37

1.    A sum of money equal to $50,000.00 in United
States currency, representing the amount of
proceeds obtained as a result of the offenses
listed in Count 170-174.

B.    If any of the above-described forfeitable

property, as a result of any act or omission of the Defendant –

1.    cannot be located upon the exercise of due
diligence;

2.    has been transferred or sold to, or deposited
with, a third person;

3.    has been placed beyond the jurisdiction of the
court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 982(b)(2), to seek forfeiture of any

other property of the Defendant BETTY YI HERNANDEZ up to the

value of the above forfeitable property.

All in violation of Title 18, United States Code,

Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code,

Section 856(a)(2).

<u>COUNT 176</u>

The Grand Jury further charges:

A.    As a result of committing one or more of the

offenses alleged in Counts 170-174 of this Indictment, Defendant

BETTY YI HERNANDEZ shall forfeit to the United States, pursuant

to Title 21, United States Code, Section 853, any and all

38

property constituting, or derived from, any proceeds which

Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as

the result of such offenses and any and all property used, or

intended to be used, in any manner or part, to commit, or to

facilitate the commission of, such offenses, including but not

limited to the following:

        1.    A sum of money equal to $50,000.00 in United
              States currency, representing the amount of
              proceeds obtained as a result of the offenses
              listed in Counts 170-174.

        B.    If any of the above-described forfeitable

property, as a result of any act or omission of the Defendant –

        1.    cannot be located upon the exercise of due
              diligence;

        2.    has been transferred or sold to, or deposited
              with, a third person;

        3.    has been placed beyond the jurisdiction of the
              court;

        4.    has been substantially diminished in value; or

        5.    has been commingled with other property which
              cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p) to seek forfeiture of any

other property of the Defendant up to the value of the above

forfeitable property.

        All in violation of Title 21, United States Code,

Sections 853 and 856(a)(2).

COUNTS 177-178

PAYMENTS TO T.H.

COUNT 177

The Grand Jury further charges:

On or about May 13, 2003, in the District of Hawaii,
the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI" did knowingly
conduct and attempt to conduct, and cause another to conduct and
attempt to conduct, a financial transaction affecting interstate
commerce, to wit, to withdraw funds from the KOAM Broadcasting
Inc. d.b.a. Hawaii Radio Korea checking account #0001-105043 with
Bank of Hawaii (said bank was engaged in interstate commerce and
insured by the Federal Deposit Insurance Corporation), by way of
check #1749, payable to T.H. in the amount of $20,000.00, which
involved the proceeds of specified unlawful activity, that is,
making available the premises of Swing Video for the distribution
of controlled substances in violation of Title 21, United States
Code, Section 856(a)(2), and that while conducting and attempting
to conduct, and causing another to conduct and attempt to
conduct, such transaction, the defendant knew that the property
involved in the financial transaction represented the proceeds of
some form of unlawful activity; and knew that the transaction was
designed in whole or in part, to conceal and disguise the nature,
the location, the source, the ownership and the control of the
proceeds of specified unlawful activity, to wit, making available

40

the premises of Swing Video for distribution of controlled substances.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT 178

The Grand Jury further charges:

On or about February 27, 2003, in the District of Hawaii, the defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI" did knowingly conduct and attempt to conduct, and cause another to conduct and attempt to conduct, a financial transaction affecting interstate commerce, to wit, to withdraw funds from checking account #0081-189811 at Bank of Hawaii (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), via check #1214 payable to T.H. in the amount of $30,000.00, which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct and causing another to conduct and attempt to conduct such transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the

41

ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT 179

The Grand Jury further charges:

A.   As a result of committing the offense in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) alleged in Count 178 of the Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

1.   A sum of money equal to $30,000.00 in United States currency, representing the amount of proceeds obtained as a result of the offense listed in Count 178.

B.   If any of the above-described forfeitable property, as a result of any act or omission of the Defendant –

1.   cannot be located upon the exercise of due diligence;

2.   has been transferred or sold to, or deposited with, a third person;

3.   has been placed beyond the jurisdiction of the court;

4.   has been substantially diminished in value; or

5.    has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 982(b)(2), to seek forfeiture of any

other property of the Defendant BETTY YI HERNANDEZ up to the

value of the above forfeitable property.

All in violation of Title 18, United States Code,

Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code,

Section 856(a)(2).

<u>COUNT 180</u>

The Grand Jury further charges:

A.    As a result of committing the offense alleged in

Count 178 of this Indictment, Defendant BETTY YI HERNANDEZ shall

forfeit to the United States, pursuant to Title 21, United States

Code, Section 853, any and all property constituting, or derived

from, any proceeds which Defendant BETTY YI HERNANDEZ obtained,

directly or indirectly, as the result of such offenses and any

and all property used, or intended to be used, in any manner or

part, to commit, or to facilitate the commission of, such

offenses, including but not limited to the following:

1.    A sum of money equal to $30,000.00 in United
States currency, representing the amount of
proceeds obtained as a result of the offense
listed in Count 178.

B.    If any of the above-described forfeitable

property, as a result of any act or omission of the Defendant –

43

1.  cannot be located upon the exercise of due diligence;

2.  has been transferred or sold to, or deposited with, a third person;

3.  has been placed beyond the jurisdiction of the court;

4.  has been substantially diminished in value; or

5.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

//

//

//

//

//

//

//

//

//

//

//

//

//

All in violation of Title 21, United States Code,
Sections 853 and 856(a)(2).

DATED: ___March 31, 2004___, at Honolulu, Hawaii.

A TRUE BILL

/s/

FOREPERSON, Grand Jury

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI
Chief, Narcotics Section

LORETTA SHEEHAN
Assistant U.S. Attorney

UNITED STATES V. BETTY YI HERNANDEZ
Cr. No. 03-00579 HG
"First Superseding Indictment"

45