EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

LORETTA SHEEHAN
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  loretta.sheehan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 2 6 2004

at 9 o'clock and 55 min. A M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 03-00579 HG |
| Plaintiff, | |
| vs. | SECOND SUPERSEDING INDICTMENT |
| | [21 U.S.C. §§ 856(a)(2), 853; |
| BETTY YI HERNANDEZ, a.k.a. "Suki," | 18 U.S.C. §§ 1956, 982; 2] |
| Defendant. | |

SECOND SUPERSEDING INDICTMENT

COUNT 1

The Grand Jury charges that:

From a date unknown, but by at least November 3, 1999

to and including December 11, 2003, the Defendant, BETTY YI

HERNANDEZ, a.k.a. "Suki," managed and controlled any building,

room, and enclosure, either as an owner, leasee, agent, employee,

and mortgagee, and knowingly and intentionally rented, leased,

and made available for use, with or without compensation, the building, room, and enclosure for the purpose of unlawfully manufacturing, storing, distributing, and using controlled substances.

All in violation of Title 21, United States Code, Sections 856(a)(2) and 856(b).

<u>COUNT 2</u>

The Grand Jury further charges:

A.    As a result of committing the offense alleged in Count 1 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds which Defendant BETTY YI HERNANDEZ obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to the following:

1.    A sum of money equal to $908,120.07 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offense alleged in Count 1 of this Indictment;

2.    All Inventory and Equipment Located at Swing Video, 1340 Kapiolani Boulevard, Suite 102, Honolulu, Hawaii  96814;

3.    $9,726.00 in United States currency seized on December 11, 2003 from the residence of Betty Hernandez located at 3075 Ala Poha, #1609, Honolulu, Hawaii  96818;

4.    A white 1999 Dodge Durango bearing Hawaii license plate number JCF078 and vehicle identification number 1B4HR28Z3XF686868, and registered in the names of Tenny Y.

Hernandez and Lori M. Hernandez, seized on December 11, 2003;

5.   A black 2000 Infiniti Nissan bearing Hawaii license plate number JDY797 and vehicle identification number JNKCA31A5YT116676, and registered in the name of Betty Yi Hernandez, seized on December 11, 2003;

6.   $453.85 in United States currency seized on December 11, 2003, from City Bank Account No. 236322420, held in the name of Betty Yi Hernandez;

7.   $2,862.16 in United States currency seized on December 11 2003, from First Hawaiian Bank Checking Account No. 65-194899, held in the name of Swing Video LLC;

8.   $19,933.02 in United States currency seized on December 11, 2003, from First Hawaiian Bank Checking Account No. 47-019753, held in the name of Swing Video;

9.   $10,576.28 in United States currency seized on December 11, 2003, from UH Federal Credit Union Account No. 37961, held in the name of Betty Yi Hernandez;

10.  The fee simple interest in Apartment No. C-1204 of the Condominium Project known as "The Park at Pearlridge" located at 98-351 Koauka Loop, #C-1204, in Aiea, Honolulu, Hawaii, titled in the names of Tenny Y. Hernandez and Lori M.H. Hernandez, and designated as Tax Map Key No. (1) 9-8-012-079, together with all appurtenances and improvements; and

11.  $2,859.65 in United States currency seized on December 11, 2003, from Swing Video, located at 1340 Kapiolani Boulevard, Suite 102, Honolulu, Hawaii  96814.

        B.   If any of the above-described forfeitable

property, as a result of any act or omission of the Defendant --

        1.   cannot be located upon the exercise of due diligence;

        2.   has been transferred or sold to, or deposited with, a third person;

        3.   has been placed beyond the jurisdiction of the court;

3

4.    has been substantially diminished in value; or

5.    has been commingled with other property which
      cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p) to seek forfeiture of any

other property of the Defendant up to the value of the above

forfeitable property.

        All in violation of Title 21, United States Code,

Sections 853 and 856(a)(2).

COUNTS 3-48

PAYMENTS TO SOFOS REALTY AND/OR RIALD INVESTMENT

        The Grand Jury further charges:

        On or about the following dates set forth in tabular

form below, in the District of Hawaii, the Defendant, BETTY YI

HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to

conduct a financial transaction affecting interstate commerce, to

wit, Defendant withdrew funds from her "Swing Video" checking

account, number 47-019753, at First Hawaiian Bank (said bank was

engaged in interstate commerce and insured by the Federal Deposit

Insurance Corporation), by way of checks drawn on the account

payable to Sofos Realty and/or Riald Investment which involved

the proceeds of specified unlawful activity, that is, making

available the premises of Swing Video for the distribution of

controlled substances in violation of Title 21, United States

Code, Section 856(a)(2), and that while conducting and attempting

4

to conduct such transaction, the Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to promote the carrying on of the aforesaid specified unlawful activity, with each transaction representing a separate count of this Indictment:

| Count | Check No. | Date of Check | Amount of Check | Payee |
|---|---|---|---|---|
| 3 | 575 | 11/2/99 | $ 7,041.62 | Sofos Realty |
| 4 | 589 | 12/2/99 | 7,041.62 | Sofos |
| 5 | 599 | 12/26/99 | 7,041.62 | Sofos Realty |
| 6 | 613 | 1/29/00 | 7,041.62 | Sofos Realty |
| 7 | 623 | 2/25/00 | 7,041.62 | Sofos Realty |
| 8 | 639 | 3/27/00 | 7,041.62 | Sofos |
| 9 | 651 | 4/27/00 | 11,328.25 | Sofos Realty |
| 10 | 664 | 5/25/00 | 7,174.93 | Sofos |
| 11 | 674 | 6/25/00 | 7,174.93 | Sofos Realty |
| 12 | 688 | 7/26/00 | 7,174.93 | Sofos Realty |
| 13 | 707 | 8/27/00 | 7,174.93 | Sofos Realty |
| 14 | 722 | 9/27/00 | 7,174.93 | Sofos Realty |
| 15 | 757 | 10/22/00 | 7,174.93 | Sofos Realty |
| 16 | 772 | 11/27/00 | 7,174.93 | Sofos Realty |
| 17 | 791 | 12/27/00 | 7,174.93 | Sofos Realty |
| 18 | 746 | 1/23/01 | 7,174.93 | Sofos Realty |
| 19 | 818 | 2/26/01 | 7,408.62 | Sofos Realty |
| 20 | 835 | 3/23/01 | 7,361.16 | Sofos Realty |
| 21 | 704 | 4/21/01 | 7,361.16 | Sofos Realty |
| 22 | 723 | 5/23/01 | 7,361.16 | Sofos Realty |
| 23 | 737 | 6/23/01 | 7,361.16 | Sofos |
| 24 | 751 | 7/21/01 | 7,361.16 | Sofos |
| 25 | 766 | 8/25/01 | 7,361.16 | Sofos Realty |
| 26 | 780 | 9/21/01 | 7,361.16 | Sofos Realty |
| 27 | 796 | 10/18/01 | 7,361.16 | Sofos Realty |
| 28 | 810 | 11/21/01 | 7,361.16 | Sofos |
| 29 | 821 | 12/21/01 | 7,361.16 | Sofos |
| 30 | 845 | 1/28/02 | 7,361.16 | Sofos Property |
| 31 | 856 | 2/26/02 | 8,000.00 | Sofos Realty |
| 32 | 864 | 3/22/02 | 7,280.23 | Sofos |
| 33 | 875 | 4/25/02 | 6,507.06 | Sofos Relty |
| 34 | 886 | 5/22/02 | 8,000.00 | Riald Investment |
| 35 | 899 | 6/22/02 | 6,633.47 | Sofos Realty |

| Count | Check No. | Date of Check | Amount of Check | Payee |
|-------|-----------|---------------|-----------------|-------|
| 36 | 911 | 7/19/02 | 7,547.72 | Sofos Realty |
| 37 | 923 | 8/29/02 | 7,547.72 | Sofos Realty |
| 38 | 934 | 9/21/02 | 7,547.72 | Sofos Realty |
| 39 | 943 | 10/24/02 | 7,547.72 | Sofos Realty |
| 40 | 953 | 11/22/02 | 7,547.72 | Sofos Realty |
| 41 | 956 | 12/21/02 | 7,559.85 | Sofos Realty |
| 42 | 971 | 1/22/03 | 7,559.85 | Sofos Realty |
| 43 | 982 | 2/21/03 | 7,559.85 | Sofos Realty |
| 44 | 993 | 3/22/03 | 8,145.66 | Sofos Realty |
| 45 | 1003 | 4/5/03 | 588.37 | Sofos Realty |
| 46 | 1010 | 4/25/03 | 6,676.01 | Sofos Relty |
| 47 | 1025 | 5/22/03 | 7,852.75 | Sofo |
| 48 | 1052 | 6/25/03 | 7,852.75 | Sofo |

TOTAL:  $334,488.17

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

<u>COUNT 49</u>

The Grand Jury further charges that:

A.   As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) alleged in Counts 3-48 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

    1.   A sum of money equal to $334,488.17 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses listed in Counts 3-48.

6

B.    If any of the above-described forfeitable

property, as a result of any act or omission of the Defendant --

1.    cannot be located upon the exercise of due
diligence;

2.    has been transferred or sold to, or deposited
with, a third person;

3.    has been placed beyond the jurisdiction of the
court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 982(b)(2), to seek forfeiture of any

other property of the Defendant BETTY YI HERNANDEZ up to the

value of the above forfeitable property.

All in violation of Title 18, United States Code,

Sections 982, 1956(a)(1)(A)(i) and Title 21, United States Code,

Section 856(a)(2).

<u>COUNTS 50-96</u>

PAYMENTS TO COUNTRYWIDE MORTGAGE, INC.

The Grand Jury further charges:

On or about the following dates set forth in tabular

form below, in the District of Hawaii, the Defendant, BETTY YI

HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to

conduct a financial transaction affecting interstate commerce, to

wit, Defendant withdrew funds from her "Swing Video" checking

account, number 47-019753, at First Hawaiian Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), by way of checks drawn on the account payable to Countrywide Mortgage, Inc. which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances, with each transaction representing a separate count of this Indictment:

| Count | Check No. | Date of Check | Amount of Check |
|---|---|---|---|
| 50 | 570 | 11/10/99 | $ 1,685.53 |
| 51 | 581 | 11/22/99 | 1,605.27 |
| 52 | 594 | 12/21/99 | 1,700.00 |
| 53 | 609 | 1/27/00 | 1,700.00 |
| 54 | 624 | 2/27/00 | 1,685.53 |
| 55 | 638 | 3/27/00 | 1,605.53 |
| 56 | 653 | 4/27/00 | 1,605.27 |
| 57 | 665 | 5/31/00 | 1,605.27 |
| 58 | 675 | 6/25/00 | 1,605.27 |
| 59 | 685 | 7/26/00 | 1,605.27 |
| 60 | 705 | 8/27/00 | 1,605.27 |

| Count | Check No. | Date of Check | Amount of Check |
|---|---|---|---|
| 61 | 716 | 9/27/00 | $ 1,605.27 |
| 62 | 732 | 10/27/00 | 1,685.53 |
| 63 | 762 | 11/27/00 | 1,605.27 |
| 64 | 787 | 12/27/00 | 1,685.53 |
| 65 | 740 | 1/19/01 | 1,605.53 |
| 66 | 748 | 1/27/01 | 1,605.27 |
| 67 | 829 | 3/7/01 | 1,605.27 |
| 68 | 843 | 4/27/01 | 1,685.53 |
| 69 | 717 | 5/14/01 | 2,029.25 |
| 70 | 732 | 6/1/01 | 2,029.25 |
| 71 | 759 | 8/7/01 | 2,029.25 |
| 72 | 764 | 8/23/01 | 2,029.25 |
| 73 | 769 | 9/4/01 | 2,029.25 |
| 74 | 785 | 9/26/01 | 1,876.45 |
| 75 | 793 | 10/13/01 | 1,876.45 |
| 76 | 799 | 10/30/01 | 1,876.45 |
| 77 | 812 | 11/22/01 | 1,876.45 |
| 78 | 819 | 12/14/01 | 1,876.45 |
| 79 | 831 | 1/17/02 | 1,876.45 |
| 80 | 896 | 6/19/02 | 1,729.43 |
| 81 | 897 | 6/19/02 | 1,729.43 |
| 82 | 906 | 7/2/02 | 1,815.90 |
| 83 | 915 | 7/26/02 | 1,729.43 |
| 84 | 918 | 8/6/02 | 1,729.43 |
| 85 | 922 | 8/21/02 | 1,729.43 |
| 86 | 966 | 1/11/03 | 3,371.40 |
| 87 | 974 | 1/23/03 | 4,816.29 |
| 88 | 979 | 2/7/03 | 3,210.86 |
| 89 | 981 | 2/21/03 | 5,000.00 |
| 90 | 986 | 3/6/03 | 5,000.00 |
| 91 | 991 | 3/25/03 | 1,512.45 |
| 92 | 1004 | 4/10/03 | 1,512.45 |
| 93 | 1011 | 4/25/03 | 1,512.45 |
| 94 | 1019 | 5/7/03 | 1,512.45 |
| 95 | 1033 | 5/31/03 | 1,512.45 |
| 96 | 1044 | 6/15/03 | 1,512.45 |

TOTAL:  $93,432.66

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

COUNT 97

The Grand Jury further charges:

A.   As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(i)(B)(i) alleged in Counts 50-96 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

1.   A sum of money equal to $93,432.66 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses listed in Counts 50-96; and

2.   The fee simple interest in the real property located at 3075 Ala Poha Place, #1609, Honolulu, Hawaii 96818, titled in the name of BETTY YI HERNANDEZ, and more specifically identified as Tax Map Key No. 1-1-1-065-041-0176, together with all improvements, appurtenances, fixtures, attachments and easements.

B.   If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

1.   cannot be located upon the exercise of due diligence;

2.   has been transferred or sold to, or deposited with, a third person;

3.   has been placed beyond the jurisdiction of the court;

4.   has been substantially diminished in value; or

5. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code, Section 856(a)(2).

## COUNTS 98-106

### PAYMENTS TO FIDELITY NATIONAL ESCROW CORPORATION

### COUNT 98

The Grand Jury further charges:

On or about January 7, 2001, in the District of Hawaii, the Defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, Defendant withdrew funds from her "Swing Video" checking account, number 47-019753, at First Hawaiian Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), by way of a check payable to Fidelity National in the amount of $5,000.00, drawn on the account of Swing Video which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section

11

856(a)(2), and that while conducting and attempting to conduct

such transaction, the Defendant knew that the property involved

in the financial transaction represented the proceeds of some

form of unlawful activity; and knew that the transaction was

designed in whole or in part, to conceal and disguise the nature,

the location, the source, the ownership and the control of the

proceeds of specified unlawful activity, to wit, making available

the premises of Swing Video for distribution of controlled

substances.

All in violation of Title 18, United States Code,

Section 1956(a)(1)(B)(i).

## COUNTS 99-100

The Grand Jury further charges:

On or about the following dates set forth in tabular

form below, in the District of Hawaii, the Defendant, BETTY YI

HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to

conduct, and cause another to conduct and attempt to conduct, a

financial transaction affecting interstate commerce, to wit, to

withdraw funds from the Kuku's Fishing, Inc. checking account,

number 80682344, at Bank of Hawaii (said bank was engaged in

interstate commerce and insured by the Federal Deposit Insurance

Corporation), by way of checks drawn on the account, payable to

Fidelity National Escrow which involved the proceeds of specified

unlawful activity, that is, making available the premises of

Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while causing another to conduct and attempt to conduct such transaction, the Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances, with each transaction representing a separate count of this Indictment:

| Count | Check No. | Date of Check | Amount of Check | Payee |
|-------|-----------|---------------|-----------------|-------|
| 99 | 371 | 01/23/01 | $5,000.00 | Fidelity National Escrow |
| 100 | 372 | 01/23/01 | $5,000.00 | Fidelity National Escrow |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

<u>COUNT 101</u>

The Grand Jury further charges:

On or about April 9, 2001, in the District of Hawaii, the Defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, Defendant purchased Cashier's Check

13

#20319308 from Bank of Hawaii (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), in the amount of $15,000.00 which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>COUNTS 102-103</u>

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the District of Hawaii, the Defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct, and cause another to conduct and attempt to conduct, a financial transaction affecting interstate commerce, to wit, to

14

purchase Cashier's Checks from City Bank (said bank was engaged
in interstate commerce and insured by the Federal Deposit
Insurance Corporation), as set forth in tabular form below which
involved the proceeds of specified unlawful activity, that is,
making available the premises of Swing Video for the distribution
of controlled substances in violation of Title 21, United States
Code, Section 856(a)(2), and that while causing another to
conduct and attempt to conduct such transaction, the Defendant
knew that the property involved in the financial transaction
represented the proceeds of some form of unlawful activity; and
knew that the transaction was designed in whole or in part, to
conceal and disguise the nature, the location, the source, the
ownership, and the control of the proceeds of specified unlawful
activity, to wit, making available the premises of Swing Video
for distribution of controlled substances, with each transaction
representing a separate count of this Indictment:

| Count | Check No. | Date of Check | Amount of Check | Payee |
|-------|-----------|---------------|-----------------|-------|
| 102 | 1008811 | 04/06/01 | $60,000.00 | Fidelity National Title Escrow |
| 103 | 221618 | 04/09/01 | $5,000.00 | Fidelity National Title Escrow |

All in violation of Title 18, United States Code,
Sections 1956(a)(1)(B)(i) and 2.

15

COUNT 104

The Grand Jury further charges:

On or about April 9, 2001, in the District of Hawaii, the Defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, Defendant withdrew funds from her checking account, number 236322420, at City Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), by way of a City Bank Cashier's Check #220948, payable to Fidelity National Title Escrow in the amount of $12,000.00, which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances.

16

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

COUNT 105

The Grand Jury further charges:

On or about April 9, 2001, in the District of Hawaii, the Defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, Defendant withdrew funds from her checking account, number 37961, at University of Hawaii Federal Credit Union (said bank was engaged in interstate commerce and insured by the National Credit Union Administration), by way of a University of Hawaii Federal Credit Union check #130988, payable to Fidelity National Title & Escrow in the amount of $10,000.00, which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful

17

activity, to wit, making available the premises of Swing Video
for distribution of controlled substances.

All in violation of Title 18, United States Code,
Section 1956(a)(1)(B)(i).

<u>COUNT 106</u>

The Grand Jury further charges:

On or about April 9, 2001, in the District of Hawaii,
the Defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly
conduct and attempt to conduct a financial transaction affecting
interstate commerce, to wit, Defendant purchased Official Bank
Check #02414655 from First Hawaiian Bank (said bank was engaged
in interstate commerce and insured by the Federal Deposit
Insurance Corporation), payable to Fidelity National Title and
Escrow in the amount of $10,048.35, which involved the proceeds
of specified unlawful activity, that is, making available the
premises of Swing Video for the distribution of controlled
substances in violation of Title 21, United States Code, Section
856(a)(2), and that while conducting and attempting to conduct
such transaction, the Defendant knew that the property.involved
in the financial transaction represented the proceeds of some
form of unlawful activity; and knew that the transaction was
designed in whole or in part, to conceal and disguise the nature,
the location, the source, the ownership and the control of the
proceeds of specified unlawful activity, to wit, making available

18

the premises of Swing Video for distribution of controlled substances.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT 107

The Grand Jury further charges that:

A.    As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) alleged in Counts 98-106 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

> 1.    A sum of money equal to $127,048.35 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses listed in Counts 98-106.

B.    If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

> 1.    cannot be located upon the exercise of due diligence;

> 2.    has been transferred or sold to, or deposited with, a third person;

> 3.    has been placed beyond the jurisdiction of the court;

> 4.    has been substantially diminished in value; or

19

5.    has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,
United States Code, Section 982(b)(2), to seek forfeiture of any
other property of the Defendant BETTY YI HERNANDEZ up to the
value of the above forfeitable property.

All in violation of Title 18, United States Code,
Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code,
Section 856(a)(2).

<u>COUNTS 108-117</u>

DEPOSITS TO TENNY CORPORATION, dba NORTH KING SHELL

The Grand Jury further charges:

On or about the following dates set forth in tabular
form below, in the District of Hawaii, the Defendant, BETTY YI
HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to
conduct a financial transaction affecting interstate commerce, to
wit, Defendant caused funds to be deposited into accounts
#48-061737, the checking account of Tenny Corporation, dba North
King Shell, at First Hawaiian Bank (said bank was engaged in
interstate commerce and insured by the Federal Deposit Insurance
Corporation), which involved the proceeds of specified unlawful
activity, that is, making available the premises of Swing Video
for the distribution of controlled substances in violation of
Title 21, United States Code, Section 856(a)(2), and that while
conducting and attempting to conduct such transactions, the

20

Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances, with each transaction representing a separate count of this Indictment:

| Count | Form of Deposit | Date of Transaction | Amount | Payee |
|-------|-----------------|---------------------|--------|-------|
| 108 | cash | 03/27/01 | $ 9,000.00 | Tenny Corporation |
| 109 | Swing Video LLC check #1007 | 03/27/01 | 10,000.00 | N. King Shell |
| 110 | American Savings Bank check #2231 | 04/09/01 | 8,000.00 | N. King Shell |
| 111 | American Savings Bank Cashier's Check #400073605 | 04/10/01 | 10,000.00 | North King Shell |
| 112 | Swing Video check #853 | 04/10/01 | 20,000.00 | North King Shell Station |
| 113 | Swing Video check #000 | 05/03/01 | 12,000.00 | North King Shell |
| 114 | Swing Video LLC check #1016 | 04/01/02 | 5,000.00 | N. King Shell |
| 115 | Swing Video check #999 | 04/01/03 | 10,000.00 | N. King Shell |

| Count | Form of Deposit | Date of Transaction | Amount | Payee |
|-------|-----------------|---------------------|--------|-------|
| 116 | Swing Video check #1048 | 06/24/03 | 30,000.00 | N. King Shell |
| 117 | Swing Video check #1081 | 08/07/03 | 2,000.00 | N. King Shell |
| | | TOTAL: | $116,000.00 | |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>COUNT 118</u>

The Grand Jury further charges that:

A.   As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) alleged in Counts 108-117 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

    1.   A sum of money equal to $116,000.00 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses listed in Counts 108-117.

B.   If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

    1.   cannot be located upon the exercise of due diligence;

    2.   has been transferred or sold to, or deposited with, a third person;

3.    has been placed beyond the jurisdiction of the court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), to seek forfeiture of any other property of the Defendant BETTY YI HERNANDEZ up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code, Section 856(a)(2).

COUNTS 119-122

PAYMENTS TO SHELL CORPORATION

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the District of Hawaii, the Defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, to purchase an Official Bank Check at First Hawaiian Bank (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), payable to Shell Corporation, which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of

23

Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct such transaction, the Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances, with each transaction representing a separate count of this Indictment:

| Count | Check No. | Date of Check | Amount of Check | Payee |
|-------|-----------|---------------|-----------------|-------|
| 119 | First Hawaiian Bank Official Bank Check #0539226-9 | 09/18/03 | $17,400.00 | Shell Corporation |
| 120 | First Hawaiian Bank Official Bank Check #0532437-3 | 09/29/03 | 17,400.00 | Shell Corporation |
| 121 | First Hawaiian Bank Official Bank Check #0532476-9 | 10/02/03 | 17,400.00 | Shell Corporation |
| 122 | First Hawaiian Bank Official Bank Check #0532496-7 | 10/06/03 | 17,400.00 | Shell Corporation |
| | | TOTAL: | $69,600.00 | |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

24

COUNT 123

The Grand Jury further charges that:

A.    As a result of committing one or more of the
offenses in violation of Title 18, United States Code, Section
1956(a)(1)(B)(i) alleged in Counts 119-122 of this Indictment,
Defendant BETTY YI HERNANDEZ shall forfeit to the United States,
pursuant to Title 18, United States Code, Section 982(a)(1), any
and all property, real or personal, involved in such offenses,
and all property traceable to such property, including but not
limited to the following:

> 1.    A sum of money equal to $69,600.00 in United
> States currency, representing the amount of
> proceeds Defendant obtained as a result of the
> offenses listed in Counts 119-122.

B.    If any of the above-described forfeitable
property, as a result of any act or omission of the Defendant -

> 1.    cannot be located upon the exercise of due
> diligence;
>
> 2.    has been transferred or sold to, or deposited
> with, a third person;
>
> 3.    has been placed beyond the jurisdiction of the
> court;
>
> 4.    has been substantially diminished in value; or
>
> 5.    has been commingled with other property which
> cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,
United States Code, Section 982(b)(2), to seek forfeiture of any

other property of the Defendant BETTY YI HERNANDEZ up to the

value of the above forfeitable property.

All in violation of Title 18, United States Code,

Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code,

Section 856(a)(2).

<u>COUNTS 124-157</u>

PAYMENTS TO FIRST NATIONWIDE MORTGAGE CORPORATION

The Grand Jury further charges:

On or about the following dates set forth in tabular

form below, in the District of Hawaii, the Defendant, BETTY YI

HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to

conduct a financial transaction affecting interstate commerce, to

wit, Defendant withdrew funds from her "Swing Video" checking

account, number 47-019753, at First Hawaiian Bank (said bank was

engaged in interstate commerce and insured by the Federal Deposit

Insurance Corporation), by way of checks drawn on the account

payable to First Nationwide Mortgage which involved the proceeds

of specified unlawful activity, that is, making available the

premises of Swing Video for the distribution of controlled

substances in violation of Title 21, United States Code, Section

856(a)(2), and that while conducting and attempting to conduct

such transaction, the Defendant knew that the property involved

in the financial transaction represented the proceeds of some

form of unlawful activity; and knew that the transaction was

26

designed in whole or in part, to conceal and disguise the nature,
the location, the source, the ownership and the control of the
proceeds of specified unlawful activity, to wit, making available
the premises of Swing Video for distribution of controlled
substances, with each transaction representing a separate count
of this Indictment:

| Count | Check No. | Date of Check | Amount of Check |
|-------|-----------|---------------|-----------------|
| 124 | 569 | 11/02/99 | $ 1,004.44 |
| 125 | 583 | 11/22/99 | 1,004.44 |
| 126 | 600 | 12/26/99 | 1,004.44 |
| 127 | 612 |  | 1,069.14 |
| 128 | 625 | 02/28/00 | 1,069.14 |
| 129 | 637 | 03/27/00 | 1,069.14 |
| 130 | 663 |  | 1,069.14 |
| 131 | 677 | 06/25/00 | 1,107.89 |
| 132 | 648 | 04/23/00 | 1,100.00 |
| 133 | 690 | 07/26/00 | 1,184.47 |
| 134 | 706 | 08/27/00 | 1,184.47 |
| 135 | 727 | 09/27/00 | 1,184.47 |
| 136 | 758 | 10/24/00 | 1,184.47 |
| 137 | 773 | 11/28/00 | 1,184.47 |
| 138 | 792 | 12/28/00 | 1,184.47 |
| 139 | 750 | 01/27/01 | 1,140.68 |
| 140 | 817 | 02/22/01 | 1,140.68 |
| 141 | 832 | 03/20/01 | 1,140.68 |
| 142 | 703 | 04/21/01 | 1,140.68 |
| 143 | 718 |  | 1,140.68 |
| 144 | 734 | 06/13/01 | 1,140.68 |
| 145 | 760 | 08/07/01 | 1,056.74 |
| 146 | 763 | 08/12/01 | 1,056.74 |
| 147 | 783 | 09/26/01 | 1,056.74 |
| 148 | 795 | 10/19/01 | 1,056.74 |
| 149 | 808 | 11/15/01 | 1,056.74 |
| 150 | 820 | 12/14/01 | 1,056.74 |
| 151 | 832 | 01/19/02 | 976.79 |
| 152 | 850 | 02/14/02 | 976.79 |
| 153 | 860 | 03/19/02 | 976.79 |
| 154 | 872 | 04/19/02 | 976.79 |
| 155 | 884 | 05/17/02 | 976.79 |

| Count | Check No. | Date of Check | Amount of Check |
|-------|-----------|---------------|-----------------|
| 157   | 909       | 07/16/02      | 901.04          |

TOTAL:  $36,550.89

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT 158

The Grand Jury further charges that:

A.    As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) alleged in Counts 124-157 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

    1.    A sum of money equal to $36,550.89 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses listed in Counts 124-157.

B.    If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

    1.    cannot be located upon the exercise of due diligence;

    2.    has been transferred or sold to, or deposited with, a third person;

    3.    has been placed beyond the jurisdiction of the court;

28

4.    has been substantially diminished in value; or

5.    has been commingled with other property which
       cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 982(b)(2), to seek forfeiture of any

other property of the Defendant BETTY YI HERNANDEZ up to the

value of the above forfeitable property.

All in violation of Title 18, United States Code,

Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code,

Section 856(a)(2).

## COUNTS 159-164

PAYMENTS TO FIRST HAWAIIAN TITLE CORPORATION

The Grand Jury further charges:

On or about the following dates set forth in tabular

form below, in the District of Hawaii, the Defendant, BETTY YI

HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to

conduct, and cause another to conduct and attempt to conduct, a

financial transaction affecting interstate commerce, to wit, the

purchase of cashier's checks from financial institutions engaged

in interstate commerce and insured by the Federal Deposit

Insurance Corporation and the National Credit Union

Administration, payable to First Hawaii Title Corporation, which

involved the proceeds of specified unlawful activity, that is,

making available the premises of Swing Video for the distribution

of controlled substances in violation of Title 21, United States

Code, Section 856(a)(2), and that while conducting and attempting to conduct, and causing another to conduct and attempt to conduct such a transaction, the Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances, with each transaction representing a separate count of this Indictment:

| Count | Cashier's Check | Date of Check | Amount of Check |
|-------|-----------------|---------------|-----------------|
| 159 | Hawaii State Federal Credit Union Check #542378 | 10/15/02 | $ 5,000.00 |
| 160 | Bank of Hawaii Check #20498580 | 10/23/02 | 5,000.00 |
| 161 | Bank of Hawaii Check #20580099 | 10/15/02 | 5,000.00 |
| 162 | First Hawaiian Check #04424022 | 10/18/02 | 5,000.00 |
| 163 | Bank of Hawaii Check #20580196 | 10/23/02 | 5,000.00 |
| 164 | American Savings Bank Check #2049850 | 10/23/02 | 5,000.00 |

TOTAL:   $30,000.00

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT 165

The Grand Jury further charges:

A.     As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) alleged in Counts 159-164 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

  1.     A sum of money equal to $30,000.00 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses listed in Counts 159-164.

B.     If any of the above-described forfeitable property, as a result of any act or omission of the Defendant -

  1.     cannot be located upon the exercise of due diligence;

  2.     has been transferred or sold to, or deposited with, a third person;

  3.     has been placed beyond the jurisdiction of the court;

  4.     has been substantially diminished in value; or

  5.     has been commingled with other property which cannot be subdivided without difficulty;

31

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), to seek forfeiture of any other property of the Defendant BETTY YI HERNANDEZ up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code, Section 856(a)(2).

COUNTS 166-170

DEPOSITS WITH HONOLULU DISTRICT COURT

The Grand Jury further charges:

On or about the following dates set forth in tabular form below, in the District of Hawaii, the Defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI," did knowingly conduct and attempt to conduct, and cause another to conduct and attempt to conduct, a financial transaction affecting interstate commerce, to wit, the purchase of a cashier's check from a bank engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation, payable to Honolulu District Court, which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct, and causing others to conduct and attempting to conduct, such transaction, the Defendant knew that the property

32

involved in the financial transaction represented the proceeds of
some form of unlawful activity; and knew that the transaction was
designed in whole or in part, to conceal and disguise the nature,
the location, the source, the ownership and the control of the
proceeds of specified unlawful activity, to wit, making available
the premises of Swing Video for distribution of controlled
substances, with each transaction representing a separate count
of this Indictment:

| Count | Cashier's Check | Date of Check | Amount of Check |
|-------|-----------------|---------------|-----------------|
| 166 | First Hawaiian Bank #0558846-9 | 11/06/03 | $12,000.00 |
| 167 | City Bank #232197 | 11/06/03 | 8,000.00 |
| 168 | Bank of Hawaii #400794 | 11/06/03 | 5,000.00 |
| 169 | Bank of Hawaii #1701607 | 11/06/03 | 5,000.00 |
| 170 | American Savings Bank #400767383 | 11/06/03 | 20,000.00 |

TOTAL:  $50,000.00

All in violation of Title 18, United States Code,
Sections 1956(a)(1)(B)(i) and 2.

COUNT 171

The Grand Jury further charges:

A.    As a result of committing one or more of the
offenses in violation of Title 18, United States Code, Section
1956(a)(1)(B)(i) alleged in Counts 166-170 of this Indictment,

33

Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

       1.    A sum of money equal to $50,000.00 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses listed in Count 166-170.

       B.    If any of the above-described forfeitable property, as a result of any act or omission of the Defendant –

       1.    cannot be located upon the exercise of due diligence;

       2.    has been transferred or sold to, or deposited with, a third person;

       3.    has been placed beyond the jurisdiction of the court;

       4.    has been substantially diminished in value; or

       5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), to seek forfeiture of any other property of the Defendant BETTY YI HERNANDEZ up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code, Section 856(a)(2).

34

COUNTS 172-175

PAYMENTS TO T.H.

COUNT 172

The Grand Jury further charges:

On or about May 13, 2003, in the District of Hawaii, the Defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI" did knowingly conduct and attempt to conduct, and cause another to conduct and attempt to conduct, a financial transaction affecting interstate commerce, to wit, to withdraw funds from the KOAM Broadcasting Inc. d.b.a. Hawaii Radio Korea checking account #0001-105043 with Bank of Hawaii (said bank was engaged in interstate commerce and insured by the Federal Deposit Insurance Corporation), by way of check #1749, payable to "T.H." in the amount of $20,000.00, which involved the proceeds of specified unlawful activity, that is, making available the premises of Swing Video for the distribution of controlled substances in violation of Title 21, United States Code, Section 856(a)(2), and that while conducting and attempting to conduct, and causing another to conduct and attempt to conduct, such transaction, the Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available

35

the premises of Swing Video for distribution of controlled substances.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT 173

The Grand Jury further charges that:

A.    As a result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) alleged in Count 172 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

      1.    A sum of money equal to $20,000.00 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offenses listed in Count 172.

B.    If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

      1.    cannot be located upon the exercise of due diligence;

      2.    has been transferred or sold to, or deposited with, a third person;

      3.    has been placed beyond the jurisdiction of the court;

      4.    has been substantially diminished in value; or

36

5.    has been commingled with other property which
      cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 982(b)(2), to seek forfeiture of any

other property of the Defendant BETTY YI HERNANDEZ up to the

value of the above forfeitable property.

All in violation of Title 18, United States Code,

Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code,

Section 856(a)(2).

## COUNT 174

The Grand Jury further charges:

On or about February 27, 2003, in the District of

Hawaii, the Defendant, BETTY YI HERNANDEZ, a.k.a. "SUKI" did

knowingly conduct and attempt to conduct, and cause another to

conduct and attempt to conduct, a financial transaction affecting

interstate commerce, to wit, to withdraw funds from checking

account #0081-189811 at Bank of Hawaii (said bank was engaged in

interstate commerce and insured by the Federal Deposit Insurance

Corporation), via check #1214 payable to "T.H." in the amount of

$30,000.00, which involved the proceeds of specified unlawful

activity, that is, making available the premises of Swing Video

for the distribution of controlled substances in violation of

Title 21, United States Code, Section 856(a)(2), and that while

conducting and attempting to conduct and causing another to

conduct and attempt to conduct such transaction, the Defendant

37

knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and knew that the transaction was designed in whole or in part, to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit, making available the premises of Swing Video for distribution of controlled substances.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT 175

The Grand Jury further charges:

A.   As a result of committing the offense in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) alleged in Count 174 of this Indictment, Defendant BETTY YI HERNANDEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offenses, and all property traceable to such property, including but not limited to the following:

1.   A sum of money equal to $30,000.00 in United States currency, representing the amount of proceeds Defendant obtained as a result of the offense listed in Count 174.

B.   If any of the above-described forfeitable property, as a result of any act or omission of the Defendant –

1.   cannot be located upon the exercise of due diligence;

38

2.    has been transferred or sold to, or deposited with, a third person;

3.    has been placed beyond the jurisdiction of the court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(2), to seek forfeiture of any other property of the Defendant BETTY YI HERNANDEZ up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982, 1956(a)(1)(B)(i) and Title 21, United States Code, Section 856(a)(2).

DATED: _____MAY 2 6 2004_____, at Honolulu, Hawaii.

A TRUE BILL

/s/

_____
FOREPERSON, Grand Jury

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
FLORENCE T. NAKAKUNI
Chief, Narcotics Section

_____
LORETTA SHEEHAN
Assistant U.S. Attorney

39