FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 0 5 2005

at 3 o'clock and 53 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00579 HG |
| Plaintiff, | ) ) | ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS PETITION OF GWENDELLYN I. CRUISE AND MICHAEL R. CRUISE FOR CLAIM TO PROPERTY SUBJECT TO FORFEITURE |
| vs. | ) ) ) | |
| BETTY YI HERNANDEZ, a.k.a., "Suki", | ) ) ) ) ) | |
| Defendant. | ) ) | |
| GWENDELLYN I. CRUISE, and MICHAEL R. CRUISE, | ) ) ) ) | |
| Petitioners. | ) ) ) | |

## ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS PETITION OF GWENDELLYN I. CRUISE AND MICHAEL R. CRUISE FOR CLAIM TO PROPERTY SUBJECT TO FORFEITURE

Petitioners possess a tort judgment against Defendant. The tort judgment is unattached to any specific property. Defendant has pled guilty to several drug offenses resulting in the forfeiture of a portion of her assets.

The issue before the court is whether Petitioners have standing to bring a claim to assets forfeited by Defendant where the tort judgment is not attached to any specific forfeited property. For the reasons set forth below, Petitioners lack

standing. Defendant's Motion to Dismiss the Petition for Claim to Property Subject to Forfeiture is GRANTED. The Petition is DISMISSED.

## PROCEDURAL HISTORY

On December 10, 2003, the Government filed an indictment, which included counts of forfeiture, against Defendant Betty "Yi" Hernandez.

On the same date, and arrest warrant was issued for Defendant.

The indictment was superseded two times and, on September 29, 2004, the Government filed a Third Superseding Indictment which also included counts of forfeiture.

On November 4, 2004, Defendant pled guilty to the Third Superseding Indictment pursuant to a plea agreement that was signed and filed.

On November 22, 2004 the Court filed an acceptance of plea of guilty, and adjudication of guilt.

On January 24, 2005, the Court issued a preliminary order of forfeiture.

On March 10, 2005, Gwendellyn I. Cruise and Michael R. Cruise filed a petition for claim to property subject to forfeiture.

On April 6, 2005, the Government filed a motion to dismiss the Petition of Gwendellyn and Michael Cruise.

On April 28, 2005, Petitioners filed a memorandum in opposition to the Government's motion to dismiss the Petition.

On May 5, 2005, the Government filed a reply memorandum in support of its Motion to Dismiss the Petition.

On May 16, 2005, the matter came on for hearing.

### FACTUAL BACKGROUND

The facts alleged in the Petition and its attachments are as follows.

Petitioners purchased the fee simple interest to residential real property from Defendant on April 6, 2002. Defendant is alleged to have fraudulently failed to disclose termite damage to the property Petitioners purchased. Petitioners filed a lawsuit claiming fraud by Defendant. Petitioners obtained a default judgment on August 6, 2004. Petitioners recorded their default judgment on August 12, 2004.

Petitioners claim their judgment against Defendant gives them a legal interest superior to that of the Government's in the property subject to forfeiture. The real property that was the subject of the transaction which generated Petitioners' lawsuit was not among the property subject to forfeiture.

### STANDARD OF REVIEW

Fed. R. Crim. P. 32.2(c) governs motions to dismiss petitions claiming interest to property subject to forfeiture. Rule 32.2 provides that "the court may, on motion, dismiss the

petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). When it is clear from a petition that the petitioner cannot, as a matter of law, prevail under the forfeiture statute, the court may dismiss the petition for lack of standing. United States. v. Strube, 58 F. Supp. 2d 576, 579 (M.D. Pa. 1999).

Federal Rule of Civil Procedure 12(b)(6) provides guidance in adjudicating motions to dismiss claims to forfeited property brought pursuant to Fed. R. Crim. P. 32.2(c). Fed. R. Crim. P. 32.2 advisory committee's notes; Pacheco v. Serendensky, 393 F.3d 348, 352 (2nd Cir. 2004); United States v. BCCI Holdings (Luxembourg) S.A., 69 F. Supp. 2d 36, 54 (D.D.C. 1999).

A court may consider extrinsic evidence on a motion to dismiss without converting the motion into a summary judgment motion if the material is submitted as part of the complaint, or if the court takes judicial notice of "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### A. Facts Considered

The Court considers the factual allegations in the Petition and the material in the attachments to the Petition. The Court also takes judicial notice of the record in the present case,

including, inter alia, the following matters of public record: 1) the date of Defendant's arrest 2) the Third Superseding Indictment; 3) Defendant's guilty plea; 4) the facts Defendant admitted pursuant to her guilty plea in the signed memorandum of plea agreement; and 5) the Court's adjudication of Defendant's guilt.

B.  **Petitioners' Claim**

Petitioners claim to have a legal interest in the property subject to the forfeiture pursuant to the Preliminary Order of Forfeiture. The forfeiture statute at issue provides that a court may amend a forfeiture order in two situations:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6).

Petitioners are not entitled to relief unless they have a superior property interest pursuant to § 853(n)(6)(A), or they are bona fide purchasers pursuant to § 853(n)(6)(B). United States v. Hooper, 229 F.3d 818, 821 (9th Cir. 2000). Petitioners do not satisfy either category's requirements.

1.  **Superior Property Interest pursuant to § 853(n)(6)(A)**

A petitioner claiming a superior property interest pursuant to § 853(n)(6)(A) must show both: 1) a legal interest "in the property" subject to forfeiture; and 2) the legal interest was vested in petitioner "at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A). Petitioners do not meet the first element. It is not necessary to decide whether Petitioners can meet the second element.

   a.  **Legal Interest "in the property"**

A petitioner must have a legal interest in the specific property subject to forfeiture. United States v. Ribadeneira, 105 F.3d 833, 836 (2nd Cir. 1997)("an interest 'in' property must be an interest in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account."); United States v. Reckmeyer, 836 F.2d 200, 205 (4th Cir. 1987); United States v. Campos, 859 F.2d 1233, 1239 (6th Cir. 1988); Strube, 58 F. Supp. 2d at 581.

Petitioners do not allege that they have a security interest in any specific asset subject to forfeiture. Petitioners allege that they have a "legal interest in all money subject to forfeiture." (Petition ¶ 9.)(emphasis added). Petitioners are general creditors in the entire estate of Defendant. See Campos, 859 F.2d at 1239 ("A general creditor's interest under subsection

(A) in a particular forfeited asset is no different conceptually from a tort claimant's position (even if reduced to an 'enforceable judgment').")  General creditors do not have superior "vested" interests in forfeited property. Id. Ribadeneira, 105 F.3d at 836 (a general creditor has "no interest in particular assets forfeited,...unless they have already secured a judgment against the debtor and perfected a lien against a particular item."); Strube, 58 F. Supp. 2d at 581.

Petitioners do not have standing to sue pursuant to § 853(n)(6)(A). Their claim to a superior legal interest fails as they cannot show a right to a specific forfeited item.[1]

---

[1] The Fourth Circuit Court of Appeals has held that a general creditor has a claim against a defendant's forfeited property if the defendant's entire estate is forfeited. Reckmeyer, 836 F.2d at 206 (general creditor had an interest in defendant's entire estate and was bona fide purchaser of that interest pursuant to § 853(n)(6)(B)). Virtually every court to have addressed the same issue has disagreed with Reckmeyer's holding that a general creditor can have an interest in specific forfeited property, even where the entire estate is forfeited. Ribadeneira, 105 F.3d at 836 n.4; Campos, 859 F.2d at 1239. In any event, an argument pursuant to Reckmeyer must fail in the present case as the plea agreement indicates that not all of Defendant's assets were forfeited to the government. (Memo. of Plea Agreement ¶ 9.)

Petitioners cite United States v. Mageean, 649 F. Supp. 820, 822-23 (D. Nev. 1986), aff'd without opinion, 822 F.2d 62 (9th Cir. 1987), for the proposition that holders of tort judgments not attached to any specific assets nevertheless have superior rights to a defendant's assets as long as the tort was committed prior to the criminal act that gave rise to the forfeiture. Petitioners read too much into Mageean. Mageean merely held that the petitioners in that case could not possibly have a claim pursuant to § 853(n)(6)(A) because the tort at issue, an airplane crash, occurred after the crimes. There is little indication that the Mageean court would have necessarily

7

### b. Time of Vesting

It is unnecessary to decide whether Petitioners are able to show they had a "vested" legal interest in defendant's property "at the time of commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A). Petitioners, as general creditors, are unable to meet the requirements of § 853(n)(6)(A) even if their legal interest was vested at the time the relevant criminal acts were committed.[2]

### 2. Bona Fide Purchaser Pursuant to 21 U.S.C. § 851(n)(6)(b)

Petitioners cannot succeed under the other statutory provision allowing third-party claims against forfeited property. Petitioners' tort judgment against Defendant does not make them a bona fide purchaser of an interest in the property. The Third Circuit Court of Appeals has stated that:

> [A] victim of embezzlement lacks standing to petition the court under section 853(n)(6)(B)...[I]n order to qualify as a 'bona fide purchaser' under subsection (B), the petitioner must acquire its interest in the forfeited assets through an advertent, contractual transaction, as opposed to an inadvertent, tortious transaction like embezzlement."

United States v. Lavin, 942 F.2d 177, 178 (3rd Cir. 1991). See

---

found the tort claimants had a superior interest in the forfeited property had the torts occurred before the crimes at issue.

[2] Two issues which the Court need not resolve are raised by the timing issue. First, a legal issue, did Petitioners' legal rights vest at the time of their tort judgment or at the time their claim arose? Second, a factual issue, did Hernandez's criminal acts giving rise to the forfeiture occur before Petitioners' tort claim arose?

Mageean, 649 F. Supp. at 825 (holders of tort judgment against defendant did not qualify as bona fide purchasers).

## CONCLUSION

In accordance with the foregoing, it is HEREBY ORDERED that:

1. The Government's Motion to Dismiss the Petition of Gwendellyn I. Cruise and Michael R. Cruise for claim to property subject to forfeiture is GRANTED.

2. The Petition of Gwendellyn I. Cruise and Michael R. Cruise for claim to property subject to forfeiture is DISMISSED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 5, 2005.

_____
Helen Gillmor
United States District Judge

United States of America v. Betty Yi Hernandez, a.k.a. "Suki", Gwendellyn I. Cruise and Michael R. Cruise, Petitioners; Cr. No. 03-00579 HG; **ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS PETITION OF GWENDELLYN I. CRUISE AND MICHAEL R. CRUISE FOR CLAIM TO PROPERTY SUBJECT TO FORFEITURE**