IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00579 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | UNITED STATES' MOTION TO AMEND |
| vs. | ) | FINAL ORDER OF FORFEITURE TO |
| | ) | INCLUDE CERTAIN SUBSTITUTE |
| BETTY YI HERNANDEZ, | ) | PROPERTY OF DEFENDANT BETTY YI |
| a.k.a. "Suki," | ) | HERNANDEZ |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO AMEND
FINAL ORDER OF FORFEITURE TO INCLUDE
<u>CERTAIN SUBSTITUTE PROPERTY OF DEFENDANT BETTY YI HERNANDEZ</u>

On October 5, 2005, the Court entered a Final Order of Forfeiture whereby all of Defendant Betty Yi Hernandez's right, title and interest in the following specific property was forfeited to the United States:

(1) All Inventory and Equipment Located at Swing Video, 1340 Kapiolani Boulevard, Suite 102, Honolulu, Hawaii  96814;

(2) $9,726.00 seized on December 11, 2003 from the residence of Betty Yi Hernandez located at 3075 Ala Poha, #1609, Honolulu, Hawaii 96818;

(3) A white 1999 Dodge Durango bearing Hawaii license plate number JCF078 and vehicle identification number 1B4HR28Z3XF686868;

(4) A black 2000 Infiniti Nissan bearing Hawaii license plate number JDY797 and vehicle identification number JNKCA31A5YT116676;

(5) $453.85 seized on December 11, 2003, from City Bank Account No. 236322420, held in the name of Betty Yi Hernandez;

(6) $2,862.16 seized on December 11 2003, from First Hawaiian Bank Checking Account No. 65-194899, held in the name of Swing Video LLC;

    (7)   $19,933.02 seized on December 11, 2003, from First Hawaiian Bank Checking Account No. 47-019753, held in the name of Swing Video;

    (8)   $10,576.28 seized on December 11, 2003, from UH Federal Credit Union Account No. 37961, held in the name of Betty Yi Hernandez;

    (9)   $126,622.88[1] which represents the amount of net proceeds realized from the sale of Apartment No. C-1204 of the Condominium Project known as "The Park at Pearlridge" located at 98-351 Koauka Loop, #C-1204, in Aiea, Honolulu, Hawaii, titled in the names of Tenny Y. Hernandez and Lori M.H. Hernandez, and designated as Tax Map Key No. (1) 9-8-012-079, together with all appurtenances and improvements; and

    (10)  $2,859.65 seized on December 11, 2003, from Swing Video, located at 1340 Kapiolani Boulevard, Suite 102, Honolulu, Hawaii 96814.

The Final Order of Forfeiture also included a personal money judgment against Defendant and in favor of the United States in the amount of $905,120.07 (hereinafter referred to as the "Personal Money Judgment"), which represented the amount of the proceeds Defendant obtained as a result of the offense listed in Count 1 of the Third Superseding Indictment,[2] for which Defendant was convicted.

---

[1] Pursuant to the ancillary proceedings held in this case to resolve all third-party claims, $45,000.00 of the $126,622.88 was returned to petitioners Tenny and Lori Hernandez under the Stipulated Expedited Settlement Agreement filed herein on August 15, 2005. Thus, only $81,622.88 was actually forfeited to the United States. See the Declaration of Jason Pa at ¶ 4.

[2] Count 1 of the Third Superseding Indictment charged Defendant Betty Yi Hernandez with managing or controlling a premises and making it available for the purpose of distributing or using controlled substances in violation of 21 U.S.C. § 856(a)(2).

Pursuant to the Final Order of Forfeiture, the United States has forfeited a total of $128,033.84 in cash.  See the Declaration of Jason Pa (hereinafter the "Pa Declaration") at ¶ 4.  The United States also forfeited the two vehicles, which had a combined net value of $22,725.00.  Id.  To date, the inventory and equipment seized from Swing Video has not been disposed of; in light of the low value of these items and the increasing storage costs, the United States does not anticipate obtaining any net proceeds from the sale of the inventory and equipment.  See the Pa Declaration at ¶ 4 n.1.  Finally, the United States Customs and Border Protection also administratively forfeited an additional $2,000.00, which should be credited to Defendant Betty Yi Hernandez.  See the Pa Declaration at ¶ 4.  In light of the foregoing, the total value of all of Defendant's forfeited specific properties amounts to $152,758.84.  Id.

Although the Personal Money Judgment has been satisfied to the extent of $152,758.84, a balance of approximately $752,361.23 ($905,120.07 less $152,758.84) remains unpaid.  See the Pa Declaration at ¶ 5.  Based upon the information set out in the Pa Declaration, the Court should find that because of the acts or omissions of Defendant Betty Yi Hernandez, all of her criminal proceeds could not be found, notwithstanding the government's exercise of due diligence, to satisfy the outstanding balance owed on the $905,120.07 Personal Money Judgment for one or more of the reasons set forth in 21 U.S.C. § 853(p).  Accordingly, the Court should find that the United

3

States is entitled to forfeit $50,000.00 that Defendant paid to the Honolulu District Court  (hereinafter referred to as the "Substitute Property") as bail for her son, Tenny Yi Hernandez, in an unrelated State criminal case.  In support of this motion, the United States submits the following arguments and authorities.

II.  <u>ARGUMENT</u>

Fed. R. Crim. P. 32.2(e)(1)(B) expressly provides that a court may enter a forfeiture order, or amend an existing forfeiture order, at any time to order the forfeiture of substitute assets:

> (e) Subsequently Located Property; Substitute Property.
>
> (1) In General.  On the government's motion, the <u>court may at any time</u> enter an order of forfeiture or <u>amend an existing order of forfeiture to include property that</u>:
>
> > (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or
> >
> > (B) <u>is substitute property that qualifies for forfeiture under an applicable statute</u>.
>
> (2) Procedure.  If the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must:
>
> > (A) enter an order forfeiting that property, or amend an existing preliminary or final order to include it; and
> >
> > (B) if a third party files a petition claiming an interest in the

4

property, conduct an ancillary
proceeding under Rule 32.2(c).

(3) Jury Trial Limited. There is no
right to a jury trial under Rule 32.2(e).

(Emphasis added). In this case, the applicable statute referred

to in Rule 32.2(e)(1)(B) is the criminal drug forfeiture statute,

21 U.S.C. § 853(p), which provides in pertinent part:

(p) Forfeiture of substitute property.

(1) In general.

Paragraph (2) of this subsection shall
apply, <u>if any property described in
subsection (a),</u>[3] <u>as a result of any act or
omission of the defendant</u>–

(A) <u>cannot be located upon the
exercise of due diligence</u>;

(B) has been transferred or sold
to, or deposited with, a third party;

(C) has been placed beyond the
jurisdiction of the court;

(D) has been substantially
diminished in value; or

(E) has been commingled with other
property which cannot be divided without
difficulty.

(2) Substitute property.

In any case described in any of
subparagraphs (A) through (E) of paragraph
(1), the court shall order the forfeiture of

---

[33] Section 853(a) provides for the forfeiture of any
property constituting or derived from a drug felony offense under
Title 21 and/or any property used or intended to be used to
commit or facilitate the commission of such a violation. In the
instant case, Defendant pled guilty to Count 1 of the Third
Superseding Indictment, which charged her with violating 21
U.S.C. § 856(a)(2).

> any other property of the defendant, up to
> the value of any property described in
> subparagraphs (A) through (E) of paragraph
> (1), as applicable.

(Emphasis added).  Generally, substitute assets are forfeited because specific assets of the defendant that were listed in the forfeiture order cannot be found.  To obtain an order forfeiting substitute property in that circumstance, the United States must show that the conditions set forth in § 853(p) have been satisfied.

It is well-settled that courts may order the forfeiture of substitute assets to satisfy a money judgment where the money judgment represents the value of the proceeds of the offense or property involved in the commission of the offense.  See United States v. Candelaria-Silva, 166 F.3d 19 (1st Cir. 1999)(once government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment) cert. denied, Ortiz-Miranda v. United States, 529 U.S. 1055 (2000); United States v. Baker, 227 F.3d 955 (7th Cir. 2000) (same); United States v. Numisgroup Intl. Corp, 169 F. Supp.2d 133 (E.D.N.Y. 2001)(Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); United States v. Messino, 917 F. Supp. 1307, 1308 (N.D. Ill. 1996)(court ordered forfeiture of motorcycle as substitute asset in partial satisfaction of money judgment).

6

In the instant case, the Final Order of Forfeiture included the $905,120.07 Personal Money Judgment, which has not been fully satisfied because, as set out in the Pa Declaration, the government could not find and forfeit all of the proceeds obtained by Defendant Betty Yi Hernandez as a result of the offense listed in Count 1.  <u>See</u> the Pa Declaration at ¶s 3-6.  To date, the United States has forfeited $152,758.84 worth of specific property constituting Defendant's criminal proceeds, and thus, a balance of approximately $752,361.23 (<u>i.e.</u>, $905,120.07 less $152,758.84) is still outstanding on the Personal Money Judgment.  <u>See</u> the Pa Declaration at ¶s 3-5.

Upon investigation, the United States has determined that Defendant Betty Yi Hernandez has an interest in other property not included in the Final Order of Forfeiture -- <u>i.e.</u>, the $50,000.00 Substitute Property -- which should be forfeited as substitute property to partially satisfy the outstanding balance on the Personal Money Judgment.  <u>See</u> the Pa Declaration at ¶s 7-17.

For the reasons set out herein, the United States is entitled to forfeit the Substitute Property pursuant to Fed.R.Crim.P. 32.2(e) and 21 U.S.C. § 853(p), and this Court should grant the instant motion.

III.  <u>CONCLUSION</u>

Based upon the foregoing, the United States respectfully urges the Court to grant the instant motion and issue an order forfeiting to the United States all of Defendant's

7

right, title and interest in the Substitute Property to partially satisfy the outstanding balance remaining on the Personal Money Judgment.  The Government further requests that the Court authorize the United States to seize the Substitute Property (if not already in custody) and to initiate proceedings necessary to protect any third party interests in the Substitute Property, pursuant Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(n).

DATED: May 25, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Rachel S. Moriyama
   LORETTA SHEEHAN
   RACHEL S. MORIYAMA
   Assistant U.S. Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA