```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )   CR. NO. 03-00579 HG
                               )
              Plaintiff,       )   DECLARATION OF JASON PA
                               )
     vs.                       )
                               )
BETTY YI HERNANDEZ,            )
   a.k.a. "Suki,"              )
                               )
              Defendant.       )
_____)
```

## DECLARATION OF JASON PA

I, JASON PA, declare that:

1.  I have been employed as a Special Agent with the Immigration and Customs Enforcement for the past three years and was previously employed by the Internal Revenue Service/Criminal Investigation Division as a Special Agent for nineteen years.  I am authorized to make this Declaration and it is based upon my personal knowledge of the above-captioned case.

2.  I was involved in the investigation and prosecution of the above-captioned case against Defendant Betty Yi Hernandez, and I submit this Declaration in support of the United States' Motion To Amend Final Order of Forfeiture to Include Certain Substitute Property of Defendant Betty Yi Hernandez.

3.  In the Final Order of Forfeiture, entered in this case on October 5, 2005, the Court ordered Defendant Betty Yi

Hernandez to forfeit her interest in "a sum of money equal to $905,120.07 in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count 1 of this Indictment" (hereinafter referred to as the "Personal Money Judgment"). Count 1 of the Third Superseding Indictment charged Defendant Betty Yi Hernandez with managing or controlling a premises and making it available for the purpose of distributing or using controlled substances in violation of 21 U.S.C. § 856(a)(2).

   4. To date, the United States has only forfeited the following specific properties, with a current[1] total aggregate value of $152,758.84, as more fully described below:

  (1) $9,726.00 seized on December 11, 2003 from Defendant's residence;

  (3) A white 1999 Dodge Durango with an estimated value of $9,525.00;

  (4) A black 2000 Infiniti Nissan with an estimated value of $13,200.00;

  (5) $453.85 seized on December 11, 2003, from City Bank Account No. 236322420, held in the name of Betty Yi Hernandez;

  (6) $2,862.16 seized on December 11 2003, from First Hawaiian Bank Checking Account No. 65-194899, held in the name of Swing Video LLC;

  (7) $19,933.02 seized on December 11, 2003, from First Hawaiian Bank Checking Account No. 47-019753, held in the name of Swing Video;

---

[1] The United States also forfeited the inventory and equipment seized from Swing Video, located at 1340 Kapiolani Boulevard, Suite 102, Honolulu, Hawaii. At this time, the inventory and equipment have not been sold or reduced to cash.

    (8)    $10,576.28 seized on December 11, 2003, from UH Federal Credit Union Account No. 37961, held in the name of Betty Yi Hernandez;

    (9)    $81,622.88, which represents the net proceeds from the sale of the apartment located at 98-351 Koauka Loop, #C-1204, in Aiea, Hawaii, forfeited by the United States (the sale resulted in $126,622.88 net proceeds, less $45,000.00 returned to petitioners Tenny and Lori Hernandez under a Stipulated Expedited Settlement Agreement filed in this case on August 15, 2005); and

    (10)    $2,859.65 seized on December 11, 2003, from Swing Video, located at 1340 Kapiolani Boulevard, Suite 102, Honolulu, Hawaii 96814.

In addition to the foregoing, the United States Customs and Border Protection also administratively forfeited an additional $2,000.00, which should be credited to Defendant.

    5.    In light of the United States' forfeiture of specific properties with a total aggregate value of $152,758.84, a current balance of $752,361.23 is still outstanding on Defendant's $905,120.07 Personal Money Judgment ($905,120.07 less $152,758.84).

    6.    During the investigation and after Defendant Betty Yi Hernandez's guilty plea, I and other law enforcement agents worked diligently to identify, trace and all of the proceeds that Defendant had obtained as a result of her violation of 21 U.S.C. § 856(a)(2), as charged in Count 1 of the Third Superseding

Indictment.  Among other things, I and other law enforcement agents reviewed Defendant's personal and business bank records, tax records and other financial records.  Based upon our investigation, we determined that Defendant had minimal sources of legitimate income, that she had obtained approximately $905,120.07 as a result of her commission of the offense listed in Count 1, and that she had used her criminal proceeds to pay third parties for lease rents, mortgage payments, vehicles and vehicle loan purchases.  Through our efforts, we seized and forfeited the specific properties described in Paragraph 4, above, and/or listed in the Final Order of Forfeiture; we also determined that Defendant had paid $50,000.00 to the Honolulu District Court as bail for her son, Tenny Yi Hernandez, in an unrelated state criminal case.  Despite our diligent efforts, we were unable to identify or seize for forfeiture any additional specific properties that constituted or were derived from criminal proceeds that Defendant obtained as a result of the offense listed in Count 1.

       7.    Based upon my investigation, including my review of various bank records and witness interviews, and as more fully described below, I have determined that Defendant Betty Yi Hernandez paid $50,000.00 bail to the Honolulu District Court with the following five checks all made payable to the Honolulu District Court:

| Financial Institution/Check Number | Amount |
|---|---|
| First Hawaiian Bank/Check No. 0558846-9 | $ 12,000.00 |

```
City Bank/Check No. 232197                          8,000.00
Bank of Hawaii/Check No. 400794                     5,000.00
Bank of Hawaii/Check No. 1701607                    5,000.00
American Savings Bank/Check No. 400767383          20,000.00

                                    Total       $ 50,000.00
```

As set out below, I also have determined that these five checks were purchased with funds belonging to, or owed to, Defendant Betty Yi Hernandez.

       8.    Based upon my review of the bank records relating to First Hawaiian Bank Account No. 47-019753, held in the name of Betty Yi Hernandez doing business as Swing Video, I have determined that on November 6, 2003, Defendant Betty Yi Hernandez withdrew $12,000.00 from her account to purchase First Hawaiian Bank Official Bank Check No. 0558846-9 in the amount of $12,000.00 and made payable to the Honolulu District Court.

       9.    Based upon my review of the bank records relating to City Bank Account No. 236322420, held in the name of Betty Yi Hernandez, I have determined that on November 6, 2003, Defendant Betty Yi Hernandez withdrew $8,000.00 from her account to purchase City Bank Check No. 232197 in the amount of $8,000.00 and made payable to the Honolulu District Court.

      10.   After Defendant Betty Yi Hernandez was arrested on December 11, 2003, I and other agents interviewed Ms. Nho Boon

Kim, who provided the following information:

    (a) Nho Boon Kim worked for Betty Yi Hernandez at Swing Video, from 1999 to December 11, 2003.

    (b) In early 2003, Nho Boon Kim borrowed $5,000.00 in cash from Betty Yi Hernandez.

    (c) On or about November 6, 2003, Betty Yi Hernandez told Nho Boon Kim that her son, Tenny Yi Hernandez, was in jail and that she needed bail money for him.

    (d) On or about November 6, 2003, Betty Yi Hernandez asked Nho Boon Kim to repay the $5,000.00 loan by obtaining a cashier's check in the amount of $5,000.00 and made payable to the Honolulu District Court.

    (e) On or about November 6, 2003, Nho Boon Kim borrowed $5,000.00 in cash from friends and entered the Keeaumoku Branch of the Bank of Hawaii and purchased Bank of Hawaii Cashier's Check No. 400794 in the amount of $5,000.00 and made payable to the Honolulu District Court.

    (f) On or about November 6, 2003, Nho Boon Kim gave Bank of Hawaii Cashier's Check No. 400794 to Betty Yi Hernandez.

    (g) Bank of Hawaii Cashier's Check No. 400794, in the amount of $5,000.00 and made payable to the Honolulu District Court, constituted Nho Boon Kim's repayment of the $5,000.00 loan owed to Betty Yi Hernandez.

    11. Based upon my review of the bank records of the Bank of Hawaii relating to Account No. 04-716906, held in the name of Nho Boon Kim, I have determined that on November 6, 2003,

Nho Boon Kim used $5,000.00 in cash to purchase Bank of Hawaii Cashier's Check No. 400794, in the amount of $5,000.00 and made payable to the Honolulu District Court, at the Keeaumoku Branch of the Bank of Hawaii.

12. After Defendant Betty Yi Hernandez was arrested on December 11, 2003, I and other agents interviewed Ms. Eun Mee Hwang, who provided the following information:

(a) Eun Mee Hwang was Betty Yi Hernandez's niece.

(b) In 2003, Eun Mee Hwang borrowed $40,000.00 in cash from Betty Yi Hernandez.

(c) In 2003, Eun Mee Hwang deposited some or all of the $40,000.00 into her savings and checking accounts at the Bank of Hawaii.

(d) In 2003, Betty Yi Hernandez told Eun Mee Hwang to repay $30,000.00 of the $40,000.00 loan amount to Tenny Yi Hernandez. Eun Mee Hwang paid the $30,000.00 to Tenny Yi Hernandez by Bank of Hawaii Check No. 1214, dated February 27, 2003, in the amount of $30,000.00 and made payable to Tenny Yi Hernandez.

(e) On or about November 6, 2003, Betty Yi Hernandez told Eun Mee Hwang that her son, Tenny Yi Hernandez, was in jail and that she needed bail money for him.

(f) On November 6, 2003, Betty Yi Hernandez asked Eun Mee Hwang to obtain a cashier's check in the amount of $5,000.00 and made payable to the Honolulu District Court.

(g) On November 6, 2003, Eun Mee Hwang went to the Ala Moana Branch of the Bank of Hawaii and withdrew $5,000.00 from her Bank of Hawaii Account No. 80-682344, held in the name of Kuku Fishing, Inc., and used that money to purchase Bank of Hawaii Cashier's Check No. 1701607 in the amount of $5,000.00 and made payable to the Honolulu District Court.

(h) On November 6, 2003, Eun Mee Hwang gave Bank of Hawaii Cashier's Check No. 1701607 to Betty Yi Hernandez.

13. Based upon my review of the bank records of the Bank of Hawaii relating to Account No. 80-682344, held in the name of Kuku Fishing, Inc. (with Soo Nam Hwang listed as president and Eun Mee Hwang listed as vice-president), I have determined that on November 6, 2003, Eun Mee Hwang went to the Ala Moana Branch of the Bank of Hawaii, withdrew $5,000.00 from Account No. 80-682344, and used that money to purchase Bank of Hawaii Cashier's Check No. 1701607, in the amount of $5,000.00 and made payable to the Honolulu District Court.

14. After Defendant Betty Yi Hernandez was arrested on December 11, 2003, I and other agents interviewed Mr. Ki-Yeoun Kim, who provided the following information:

(a) Ki-Yeoun Kim knew Betty Yi Hernandez as the owner of Swing Video, located at 1340 Kapiolani Boulevard in Honolulu, Hawaii.

(b) On May 13, 2003, Ki-Yeoun Kim met with Betty Yi Hernandez in her office at Swing Video and borrowed $20,000.00 in cash from Betty Yi Hernandez.

(c) On May 13, 2003, Betty Yi Hernandez instructed Ki-Yeoun Kim to repay the $20,000.00 loan with a pre-dated check in the amount of $20,000.00 and made payable to Tenny Yi Hernandez.

(d) On May 13, 2003, Ki-Yeoun Kim wrote Check No. 1749, drawn on his Bank of Hawaii business checking account, in the amount of $20,000.00, dated May 16, 2003, and made payable to Tenny Yi Hernandez.

(e) On May 20, 2003, Bank of Hawaii Check No. 1749 cleared Ki-Yeoun Kim's business checking account.

(f) Bank of Hawaii Check No. 1749 constituted his repayment of the $20,000.00 loan owed to Betty Yi Hernandez.

15. Based upon my review of the bank records of the American Savings Bank relating to Basic Checking Account No. 08707-12109, held in the names of Lori M. Hernandez and Tenny Yi Hernandez, I have determined the following:

(a) On May 19, 2003, Bank of Hawaii Check No. 1749, dated May 16, 2003, in the amount of $20,000.00, signed by Ki-Yeoun Kim, and made payable to Tenny Yi Hernandez, was deposited into the Hernandez's American Savings Bank Basic Checking Account No. 08707-12109.

(b) On May 19, 2003, Lori M. Hernandez wrote American Savings Bank Check No. 2416, drawn on the Hernandez's American Savings Bank Basic Checking Account No. 08707-12109, in the amount of $20,000.00 and made payable to cash.

16. Based upon my review of the bank records of the American Savings Bank relating to Savings Account No. 8600-12236,

held in the name of Lori M. Hernandez, I have determined the following:

    (a) On May 19, 2003, Lori M. Hernandez deposited American Savings Bank Check No. 2416, in the amount of $20,000.00 and made payable to cash, in her American Savings Bank Savings Account No. 8600-12236.

    (b) On November 6, 2003, Lori M. Hernandez withdrew $20,000.00 from her American Savings Bank Savings Account No. 8600-12236 and purchased American Savings Bank Cashier's Check No. 400767383 in the amount of $20,000.00 and made payable to the Honolulu District Court.

    17. Based upon my review of the records of the Honolulu Police Department relating to Tenny Yi Hernandez, I have determined that on November 6, 2003, Betty Yi Hernandez paid her son's $50,000.00 state court bail by tendering to the Honolulu District Court the five checks listed in Paragraph 7, above, which totaled $50,000.00.

    18. Based upon the foregoing, the $50,000.00 constitutes property of Defendant Betty Yi Hernandez that is subject to forfeiture as substitute property in accordance with Fed.R.Crim.P. 32.2(e)(1)(B) and 21 U.S.C. § 853(p).

    19. On January 29, 2004, the United States obtained a federal seizure warrant to seize the $50,000.00 bail money from the Chief Clerk's Office, First Circuit Court, State of Hawaii

...

(hereinafter referred to the "Chief Clerk's Office").[2]  Because the Chief Clerk's Office could not respond to the seizure warrant within the required ten-day period, the United States obtained a second federal seizure warrant for the $50,000.00 on March 8, 2004.  On March 25, 2004, First Circuit Court Judge Karen Ahn entered an order authorizing the Chief Clerk's Office to release the $50,000.00 bail money to the United States in compliance with the federal seizure warrant.  On March 31, 2004, the Chief Clerk's Office complied with the federal seizure warrant and issued a check made payable to the United States Customs and Border Protection in the amount of $50,000.00.  The $50,000.00 is

in the custody of the United States Customs and Border Protection pending the outcome of the instant motion.

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on May 25, 2006, at Honolulu, Hawaii.

                                  /s/ Jason Pa
                                  JASON PA

---

[2] Although the $50,000.00 bail money was paid to the Honolulu District Court, the Chief Clerk's Office for the First Circuit Court had custody of the funds.