EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Chief, Narcotics Section

LORETTA SHEEHAN
RACHEL S. MORIYAMA  #3802
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  loretta.sheehan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  03-00579 HG |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE AS TO CERTAIN |
| vs. | ) | SUBSTITUTE PROPERTY OF |
| | ) | DEFENDANT BETTY YI HERNANDEZ |
| BETTY YI HERNANDEZ, | ) | |
| a.k.a. "Suki," | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PRELIMINARY ORDER OF FORFEITURE AS TO CERTAIN
SUBSTITUTE PROPERTY OF DEFENDANT BETTY YI HERNANDEZ

Pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), the United States has moved to amend the Final Order of Forfeiture previously issued in this case to forfeit certain property of Defendant Betty Yi Hernandez as substitute property. In consideration of the motion, the supporting memorandum and declaration, and the entire record in this matter, the Court finds as follows:

As a result of the Final Order of Forfeiture, entered herein on October 5, 2005, all of Defendant Betty Yi Hernandez's right, title and interest in the following specific property has been forfeited to the United States:

(1) All Inventory and Equipment Located at Swing Video, 1340 Kapiolani Boulevard, Suite 102, Honolulu, Hawaii 96814;

(2) $9,726.00 seized on December 11, 2003 from the residence of Betty Yi Hernandez located at 3075 Ala Poha, #1609, Honolulu, Hawaii 96818;

(3) A white 1999 Dodge Durango bearing Hawaii license plate number JCF078 and vehicle identification number 1B4HR28Z3XF686868;

(4) A black 2000 Infiniti Nissan bearing Hawaii license plate number JDY797 and vehicle identification number JNKCA31A5YT116676;

(5) $453.85 seized on December 11, 2003, from City Bank Account No. 236322420, held in the name of Betty Yi Hernandez;

(6) $2,862.16 seized on December 11 2003, from First Hawaiian Bank Checking Account No. 65-194899, held in the name of Swing Video LLC;

(7) $19,933.02 seized on December 11, 2003, from First Hawaiian Bank Checking Account No. 47-019753, held in the name of Swing Video;

(8) $10,576.28 seized on December 11, 2003, from UH Federal Credit Union Account No. 37961, held in the name of Betty Yi Hernandez;

(9) $81,622.88, which represents the amount of net proceeds realized from the sale of Apartment No. C-1204 of the Condominium Project known as "The Park at Pearlridge" located at 98-351 Koauka Loop, #C-1204, in Aiea, Honolulu, Hawaii, titled in the names of Tenny Y. Hernandez and Lori M.H. Hernandez, and designated as Tax Map Key No. (1) 9-8-012-079, together with all appurtenances and improvements; and

        (10) $2,859.65 seized on December 11, 2003, from Swing Video, located at 1340 Kapiolani Boulevard, Suite 102, Honolulu, Hawaii 96814.

The Final Order of Forfeiture also included a personal money judgment in favor of the United States in the amount of $905,120.07 (hereinafter referred to as the "Personal Money Judgment"), which amount represented the value of the illegal proceeds derived from the offense listed in Count 1 of the Third Superseding Indictment for which the Defendant was convicted.

    Although the Personal Money Judgment has been satisfied to the extent of $152,758.84, an outstanding balance of $752,361.23 (i.e., $905,120.07 less $152,758.84) currently remains unpaid.  The Court finds that, because of the acts or omissions of the Defendant, all of the proceeds from the offense listed in Count 1 are no longer available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p).  As a result, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), the United States is entitled to an order forfeiting other property of the Defendant to satisfy the outstanding balance remaining on the Personal Money Judgment.

    The Court finds that the $50,000.00 in United States currency seized from the Chief Clerk's Office for the First Circuit Court, State of Hawaii on March 31, 2004 (hereinafter the "Substitute Property"), is property of Defendant Betty Yi Hernandez.

    ACCORDINGLY, IT IS HEREBY ORDERED that all right, title and interest of Defendant Betty Yi Hernandez in the Substitute

Property is hereby forfeited to the United States to partially satisfy the Personal Money Judgment entered against Defendant.

IT IS FURTHER ORDERED that the United States Customs and Border Protection shall retain the Substitute Property ordered forfeited hereunder and shall take any other steps deemed warranted to preserve its availability for forfeiture pending the conclusion of any third-party proceedings which may be conducted in this matter pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(n).

IT IS FURTHER ORDERED that the United States shall promptly initiate proceedings necessary to protect any third-party interests in the Substitute Property, in accordance with Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(n), prior to requesting entry of a final order of forfeiture with respect to the Substitute Property.

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(1), the United States Customs and Border Protection shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order and the United States' intent to dispose of the Substitute Property in such manner as the Secretary of the Treasury may direct, and shall provide notice to any person, other than the Defendant, having or claiming a legal interest in the Substitute Property, that such person must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The notice shall further

state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Property shall be signed by the petitioner under penalty of perjury, and shall set forth the specific nature and extent of the petitioner's right, title or interest in the Substitute Property claimed, and any additional facts supporting the petitioner's claim and the relief sought.

      IT IS FINALLY ORDERED that upon adjudication of all third-party interests, this Court will enter a final order of forfeiture as to the Substitute Property, pursuant to Fed.R.Crim.P. 32.2(e) and 21 U.S.C. § 853(n), in which all interests in the Substitute Property will be addressed.  If no claims are filed within thirty (30) days of the final publication or receipt of actual notice, whichever is earlier, then this Order shall be deemed a final order of forfeiture, pursuant to 21 U.S.C. § 853(n)(7), and the United States Customs and Border Protection, or any duly authorized law enforcement official,

//
//
//
//
//
//
//
//
//

shall dispose of the Substitute Property forfeited hereunder in accordance with law.

DATED: Honolulu, Hawaii, July 31, 2006.



   **/s/ Helen Gillmor**
Chief United States District Judge

USA v. Betty Yi Hernandez; Cr. No. 03-00579 HG; "Preliminary Forfeiture Order as to Certain Substitute Property of Defendant Betty Yi Hernandez"