IN THE MATTER OF )
CR. NO. 03-00579 HG )
UNITED STATES OF AMERICA v. )
BETTY YI HERNANDEZ, Defendant ) **AFFIDAVIT OF PUBLICATION**
)
)
)
)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 18 2006

at __11__ o'clock and ____ min. __M
SUE BEITIA, CLERK

STATE OF HAWAII )
) SS.
City and County of Honolulu )

__Carrie Asuncion__ being duly sworn, deposes and says that she is a clerk, duly authorized to execute this affidavit of MidWeek Printing, Inc., publisher of MidWeek and the Honolulu Star-Bulletin, that said newspapers are newspapers of general circulation in the State of Hawaii, and that the attached notice is true notice as was published in the aforementioned newspapers as follows:

MidWeek _____ times on _____

Honolulu Star-Bulletin __3__ times on
09/27/2006, 10/04/2006, 10/11/2006

And that affiant is not a party to or in any way interested in the above entitled matter.

_C. Asuncion_

Subscribed to and sworn before me this __13th__ day of __October__ A.D. 20__06__

_Patricia K. Reese_
Notary Public of the First Judicial Circuit
State of Hawaii

My commission expires October 07, 2010

Ad# 05524961

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA v. BETTY YI HERNANDEZ, Defendant, Cr. No. 03-00579 HG.

NOTICE IS HEREBY GIVEN that on May 25, 2006, in the above-captioned case, the United States District Court for the District of Hawaii entered a Preliminary Order of Forfeiture condemning and forfeiting the interest of Betty Yi Hernandez in the below listed property and condemning and forfeiting the property to the United States of America:

$50,000.00 in United States currency seized from the Chief Clerk's Office for the First Circuit Court, State of Hawaii on March 31, 2004.

YOU ARE HEREBY NOTIFIED that the United States intends to dispose of this property in such manner as the United States Department of Justice and the United States Department of Homeland Security may direct.

Pursuant to 21 U.S.C. § 853 (n) (1), if you have a legal interest in this property, WITHIN THIRTY (30) DAYS of the final publication of this notice or of receipt of actual notice, whichever is earlier, you must petition the United States District Court for the District of Hawaii, 300 Ala Moana Boulevard, Room C-338, Honolulu, Hawaii 96850, for a hearing to adjudicate the validity of your alleged legal interest in this property. If a hearing is requested, it shall be held before the Court alone, without a jury.

THE PETITION must be signed by the petitioner under penalty of perjury, as established in 28 U.S.C. § 1746, and shall set forth the nature and extent of your right, title and interest in each item of property, the time and circumstances of your acquisition of the right, title or interest in each item of property and any additional facts supporting your claim and the relief sought.

A copy of the petition should be served on Assistant United States Attorney Rachel S. Moriyama, 300 Ala Moana Boulevard, Room 6-100, Honolulu, Hawaii 96850.

Pursuant to 21 U.S.C. § 853 (n) (2), NEITHER A DEFENDANT IN THE ABOVE-STYLED CASE NOR HER AGENT IS ENTITLED TO FILE A PETITION.

ANY HEARING on your petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty (30) days of the filing of your petition. The Court may consolidate your hearing on the petition with any other hearings requested on any other petitions filed by any other person other than the defendant named above.

YOU HAVE THE RIGHT at the hearing to testify and present evidence and witnesses on your own behalf and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the Court shall consider the relevant portions of the record of the criminal cases which resulted in the Preliminary Order of Forfeiture.

If, after the hearing, the Court determines that the petitioner has established by a preponderance of the evidence that: (a) the petitioner has a legal right, title or interest in the property, and such right, title or interest renders the Preliminary Order of Forfeiture invalid in whole or in part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property; or (b) the petitioner is a bona fide purchaser for value of the right, title or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture; the Court shall further amend the Preliminary Order of Forfeiture in accordance with its determination.

IF YOU FAIL TO FILE A PETITION TO ASSERT YOUR RIGHT, TITLE OR INTEREST IN THE ABOVE-DESCRIBED PROPERTY WITHIN THIRTY (30) DAYS OF THIS NOTICE, YOUR RIGHT, TITLE AND INTEREST IN THIS PROPERTY SHALL BE LOST AND FORFEITED TO THE UNITED STATES OF AMERICA. THE UNITED STATES THEN SHALL HAVE CLEAR TITLE TO THE PROPERTY HEREIN DESCRIBED AND MAY WARRANT GOOD TITLE TO ANY SUBSEQUENT PURCHASER OR TRANSFEREE.

(05524961 9/27, 10/4, 10/11/06)

---

**EXHIBIT "A"**